**Derek Lee BLOCKER, Appellant**

v.

**The STATE of Texas, Appellee.**

No. 10–06–00336–CR.

Court of Appeals of Texas, Waco.

July 30, 2008.

Jim Shaw, Ft. Worth, for Appellant.

Dale S. Hanna, Johnson County Dist. Atty., Cleburne, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellant, Derek Lee Blocker, was charged by indictment with Manufacturing a Controlled Substance, Possession of Certain Chemicals with Intent to Manufacture a Controlled Substance, and Unlawful Possession of a Firearm by a Felon. The indictment included two felony enhancement paragraphs. The trial court held a hearing on Blocker's motion to suppress and denied the motion. He entered a guilty plea to the first two counts and a plea of true to the enhancement para-

graphs. Blocker was sentenced to 20 years in prison with a fine of $500 on each count. On appeal, he argues that the trial court erred in denying his motion to suppress because his *Franks*[1] challenge established that the warrant affidavit contained falsehoods that, when excised, left the warrant with insufficient allegations to support probable cause. Because we disagree, we will affirm.

## Background

On the morning of July 30, 2004, Sergeant Anthony Bradford and two other DPS investigators went to a trailer park in Johnson County to execute a felony arrest warrant on parole violator Michael Wallace. When the officers arrived at the address, they asked the property owner if she knew Wallace. She stated that she rented a mobile home to Wallace and identified him, from a picture, as the person who was living in the trailer on her property.

The officers approached the trailer, with Bradford going to the front door while the other two officers covered the rear entrance. After knocking and announcing his presence, Bradford waited for a response. He heard no response but could hear movement inside the trailer. After waiting approximately a minute with no response, Bradford gained entrance through an unlocked window. Once inside, Bradford heard noises coming from the east side of the house and noticed a paused video-game in the living room. Bradford once again announced his presence before entering the bedroom, where he found Wallace with a female lying in bed with an infant. When Bradford asked if anyone else was in the trailer, Wallace and the woman responded that they did not know. Wallace was then taken outside where he was handcuffed and arrested.

1. *Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978).

Bradford then performed a protective sweep of the house. Finding the door to the master bedroom locked, Bradford knocked and announced himself, and then kicked in the door to gain entry to the room. There, he saw Blocker inside the bedroom standing next to an open bathroom doorway. Looking inside the bathroom, Bradford observed what appeared to be a "meth-cook" in progress.[2] Bradford then placed Blocker under arrest.

Bradford summoned S.T.O.P Taskforce, the local narcotics unit, to the scene. Jay Stubbs, a S.T.O.P. officer, received information from Bradford and then entered the home. Inside, Stubbs noticed various items of drug paraphernalia throughout the house. Based on the information obtained, Stubbs prepared the search warrant affidavit that is at issue in this appeal.

Blocker moved to suppress the evidence obtained as a result of the search warrant, claiming that Stubbs made several misrepresentations in his affidavit. The trial court allowed Blocker to go behind the affidavit, subject to a *Franks* challenge, to show that certain allegations were false or made with reckless disregard for the truth. The trial court denied the motion to suppress.

### *Franks* Violation

In his sole issue, Blocker argues that the trial court erred in overruling his motion to suppress because the affidavit supporting the search warrant contained statements made by Stubbs that were deliberate falsehoods or made in reckless disregard for the truth. Specifically, Blocker claims that the false statements created probable cause for the search warrant, and if the statements were excised, the remaining statements would not establish probable cause. He argues that all

evidence seized pursuant to the search warrant should have been suppressed.

■ A search warrant's supporting affidavit is presumed valid. *Franks*, 438 U.S. at 171, 98 S.Ct. at 2684. However, in *Franks*, the United States Supreme Court stated that if a defendant establishes by a preponderance of the evidence that the affiant made a false statement or made a statement with reckless disregard for the truth in the probable cause affidavit and the remainder of the affidavit is insufficient to establish probable cause, the search warrant is void and the fruits of the search are excluded. *Id.* at 156, 98 S.Ct. at 2676. The Court further stated that, although the Fourth Amendment demands a truthful factual showing when determining probable cause, "truthful" does not mean that every fact recited in the affidavit is necessarily correct. *Id.* at 164–65, 98 S.Ct. at 2680. Rather, "truthful" means that the information put forth is believed or appropriately accepted by the affiant as true. *Id.*

■ The determination of whether a probable cause affiant's statements were deliberately false or made with reckless disregard of the truth is a question of fact and the trial court, as the sole factfinder and judge of the witnesses' credibility, is owed great deference and its ruling will be overruled only if it was an abuse of discretion. *Carmouche v. State*, 10 S.W.3d 323, 327–28 (Tex.Crim.App.2000); *Guzman v. State*, 955 S.W.2d 85, 89–90 (Tex.Crim. App.1997).

Blocker argues that the search warrant affidavit contained the following false statements.

1) Blocker was in *charge of and controlled* the suspected place;

---

**2.** Bradford observed a 2000 ml flask sitting on a heating mantle and several other items

associated with the manufacture of methamphetamine.

2) After making entry into the residence, Bradford located several subjects in the residence *attempting to hide and possibly destroy evidence;*

3) Bradford located a small vial containing a white crystalline substance which was *field-tested* positive for amphetamine;

4) Bradford located *Wallace* in the master bathroom; and

5) Bradford observed a 2000 ml flask sitting on a heating mantle and several other items associated with the manufacture of methamphetamine while Bradford was in the bathroom with *Wallace.*

[Emphasis added.]

Specifically, Blocker argues that these statements were false in that the record does not demonstrate that (1) he had control over the residence, (2) the subjects located by Bradford were attempting to hide or destroy evidence, (3) Bradford located a small glass vial of a white crystalline substance which was field tested by Bradford, (4) Bradford encountered Wallace in the master bedroom, (5) Bradford observed a 2,000 ml flask sitting on a heating mantle and other items associated with the manufacture of methamphetamines while in the master bathroom with Wallace, and (6) a chemical reaction was taking place while Bradford was in the master bathroom with Wallace.

The State admits that the warrant affidavit contains some inaccuracies but argues that the warrant is substantially correct and there were no intentional misrepresentations within the meaning of *Franks. See Dancy v. State,* 728 S.W.2d 772, 782 (Tex.Crim.App.1987). We begin by addressing the three allegedly false statements.

■ At the hearing, Bradford testified that when he spoke to the property owner, she indicated that Wallace lived in the trailer. The search warrant affidavit states that "SAID SUSPECTED PLACE IS IN CHARGE OF AND CONTROLLED BY EACH OF THE FOLLOWING NAMED PARTIES; HEREAFTER, CALLED "SUSPECTED PARTY' WHETHER ONE OR MORE TO WIT." Even if Wallace was only a houseguest, living in the trailer with the permission of the host, he had apparent authority over the residence. *Whisenhunt v. State,* 122 S.W.3d 295, 298–99 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd). Consequently, Stubbs did not falsely state that Blocker and/or Wallace controlled the suspected place.

■ Second, although Blocker argues that the record fails to mention any person attempting to hide and destroy evidence, Bradford's testimony states that when he knocked on the door, no one answered but he heard movement across the floor from inside. When Bradford entered the home, he noticed a paused video-game on the television in the living area. He began to move towards the bedrooms, announced his presence several times, and no one came out or responded. Blocker was subsequently found locked in the master bedroom. In the supporting affidavit, Bradford states that he located several subjects in the residence attempting to hide and possibly destroy evidence. Based on the actions of the inhabitants of the trailer, it was not false for Bradford to state that the occupants were attempting to hide and possibly destroy evidence.

■ Third, Blocker argues that Bradford falsely stated that he located a small vial containing a white crystalline substance that was field-tested positive for amphetamine. At the hearing, Bradford testified that he and his fellow DPS officers did not perform any field tests and that S.T.O.P. taskforce was on the scene,

but he did not know if they performed a field test. Stubbs also testified that he saw the glass vial with the crystal substance and it was located beside the mantle and beaker.

Addressing the last two arguments made by Blocker, the State acknowledges that Stubbs's affidavit contained mistakes and omissions but explains that they were not made intentionally or with reckless disregard for the truth. At the suppression hearing, Stubbs explained that he relied on verbal information from Bradford to draft his affidavit. He further stated that it was Blocker who was found near the bathroom while the chemical reaction was taking place, not Wallace. Stubbs also testified that his false statement, which switched Blocker's name for Wallace's, was a clerical error, and he denied that his affidavit contained statements made with reckless disregard for the truth.

This evidence tends to show that Stubbs's information in the affidavit was mistaken, but not deliberately false or made with reckless disregard for the truth. As the sole factfinder, the trial court was free to believe or disbelieve all or any part of the testimony of all witnesses. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). Having reviewed the record of the hearing and applying the appropriate standard of review, we hold that Blocker did not establish by a preponderance of the evidence that Stubbs made intentionally false statements or with reckless disregard for the truth. *See Dancy*, 728 S.W.2d at 782. Accordingly, we overrule his sole issue.

### Conclusion

Having overruled Blocker's sole issue, we affirm the judgment of the trial court.

Chief Justice GRAY concurs in the judgment affirming Blocker's conviction. A separate opinion will not issue.