NO. 07-09-00375-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 27, 2010

---

CARLOS BARRIENTOS MARTINEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 121ST DISTRICT COURT OF YOAKUM COUNTY;

NO. 2690; HONORABLE KELLY G. MOORE, JUDGE

---

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Carlos Barrientos Martinez, pleaded guilty to possessing less than one gram of a controlled substance,[1] a state-jail felony, after the trial court overruled his motion to suppress the evidence seized pursuant to a search warrant. The trial court imposed a two-year sentence, probated for five years. Appellant appeals the trial court's ruling on his motion to suppress. We affirm.

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp. 2009).

## Factual and Procedural History

In his sole issue on appeal, Martinez contends that the trial court erred by overruling his motion to suppress because the affidavit in support of the search warrant contained false statements from Denver City Police Officer Noe Valdez. Specifically, appellant challenges the validity of the affidavit and the search warrant it supported on the basis of Valdez's statement that the Ledo Street residence to be searched was "in the charge of and controlled by" appellant at the time the affidavit was made. Appellant alleges that he was not a resident of that house at that time and that Valdez's statement to the contrary is a material falsehood made knowingly, intentionally, or recklessly and, thus, it must be excised from the affidavit pursuant to Franks v. Delaware, 438 U.S. 154, 155–56, 98 S.Ct. 2674; 57 L.Ed.2d 667 (1978). Further, according to appellant, excising the misstatement would invalidate the warrant because it would no longer specifically identify the premises to be searched.

## Standard of Review

We begin our review under the presumption that the affidavit in support of the search warrant is valid. See Cates v. State, 120 S.W.3d 352, 355 (Tex.Crim.App. 2003). We review the trial court's ruling on a motion to suppress for abuse of discretion. State v. Dixon, 206 S.W.3d 587, 590 (Tex.Crim.App. 2006). The determination of whether a probable cause affiant's statement was deliberately false or made with reckless disregard for the truth is a question of fact, and we give great deference to the trial court in its role as the sole trier of fact and judge of the credibility of the witnesses.

See Janecka v. State, 937 S.W.2d 456, 462 (Tex.Crim.App. 1996); Blocker v. State, 264 S.W.3d 356, 358 (Tex.App.—Waco 2008, no pet.).

Analysis

Ordinarily, when we determine the validity of a search warrant affidavit, our review is limited to the four corners of the affidavit. See Jones v. State, 833 S.W.2d 118, 123 (Tex.Crim.App. 1992). However, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Franks, 438 U.S. at 155–56. If the defendant has made a substantial preliminary showing of deliberate falsity, the trial court is required to go behind the "four corners" of the affidavit in a Franks evidentiary hearing. Cates, 120 S.W.3d at 355 n.3.

A defendant makes a substantial preliminary showing and, thus, gains the right to an evidentiary hearing, under Franks, by satisfying a three-part test. See Harris v. State, 227 S.W.3d 83, 85 (Tex.Crim.App. 2007). First, the defendant must allege a deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portion of the affidavit claimed to be false. Id. Secondly, the defendant must accompany these allegations with an offer of proof stating the support for such allegations. Id. Finally, the defendant must show that, when the portion of the affidavit alleged to be false is excised from the affidavit, the remaining content is insufficient to support the issuance of the warrant. Id.

3

At the hearing on the motion to suppress, the movant has the burden of establishing the allegation of perjury or reckless disregard for the truth by a preponderance of the evidence. See Franks, 438 U.S. at 156; Harris, 227 S.W.3d at 85; Jordan v. State, 271 S.W.3d 850, 854 (Tex.App.—Amarillo 2008, pet. ref'd). If, after the hearing, the trial court determines the defendant has met his burden of proof, the false information contained in the warrant affidavit must be disregarded. See Franks, 438 U.S. at 156. If the remainder of the affidavit does not contain sufficient probable cause to support the issuance, the warrant is voided and any evidence obtained as a result of its issuance must be excluded. Id.

As we review the record to determine whether appellant met his burden of showing deliberate falsity or reckless disregard for the truth, we are mindful that the Fourth Amendment requires a truthful factual showing when determining probable cause. See id. at 164–65. "Truthful," however, does not mean that every fact recited in the affidavit is necessarily correct. Id. at 165. Instead, "truthful" means that the information put forth in the affidavit is believed or appropriately accepted by the affiant as true. Id. The exclusionary rule in Franks does not extend to instances in which the police act "merely negligently" in collecting the facts alleged in the affidavit. See id. at 170.

Appellant testified that he had lived at the Ledo Street residence but that he had moved out approximately six months prior to the execution of the search warrant. At the time of the search, appellant was living with his brother about two blocks away from the Ledo Street residence. He denied that he still had some clothing at the Ledo Street

4

residence. He admitted that he returned to his former residence to visit and drink with his friends but that he only "rarely" stayed overnight there.

Valdez testified that, according to the "information that [he] obtained," appellant was living at the residence. Valdez explained that information from the confidential informant, whom he described as reliable, and complaints from concerned citizens in that neighborhood led him to believe that the premises to be searched were controlled by appellant. His surveillance of the premises supported such a conclusion when Valdez observed appellant at the residence.

One of appellant's friends, a codefendant who lived at the residence, testified that appellant had moved out approximately three months before the search but still had clothing at the residence. From the witness's description, those clothes were limited to some work attire. He added that appellant frequently came over to the residence but did not have a key to the door. He later clarified, though, that none of the residents had a key and that they used a knife to gain access to the residence. He testified that appellant no longer paid rent at the residence at the time of the search.

We assume, without deciding, that appellant sufficiently satisfied the three-part test that would entitle him to a Franks hearing. Based on evidence presented at the hearing, we cannot say that the trial court abused its discretion by determining that Valdez's statement was not deliberately false or made with reckless disregard for the truth. See Janecka, 937 S.W.2d at 465. The evidence shows that appellant had lived at the residence and frequently visited there. Valdez testified that he had obtained the information in the affidavit from the confidential informant, neighborhood complaints,

5

and his own surveillance. Based on such evidence, the trial court could have rejected appellant's allegation that Valdez included the challenged statement in the affidavit knowing that such statement was false or in reckless disregard for the truth. See Blocker, 264 S.W.3d at 359–60 (observing, during discussion of Franks claim, that even if defendant were "only a houseguest, living in the trailer with the permission of the host, he had apparent authority over the residence"). Affording the trial court proper deference in making such a factual determination, we overrule appellant's sole issue on appeal. See Janecka, 937 S.W.2d at 462.

## Conclusion

Having overruled appellant's sole issue on appeal, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.

6