

*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00521-CR
No. 04-09-00522-CR

Robert **CANTU**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2008-CR-11211, 2008-CR-11212
Honorable Mary D. Román, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:   Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice
            Marialyn Barnard, Justice

Delivered and Filed: May 5, 2010

AFFIRMED

A jury found appellant Robert Cantu guilty of possessing with intent to distribute four to two-hundred grams of a controlled substance and assessed punishment at fifteen years' confinement. On appeal, appellant argues the trial court erred in (1) denying his motion to suppress evidence and (2) allowing nineteen bags of an untested substance into evidence. We affirm.

## FACTUAL BACKGROUND

On October 8, 2009, Deputy Patricia Nava received information from a confidential informant that drugs were being sold from a residence located at 122 Fonda Walk. After obtaining a search warrant, Deputy Nava set up surveillance outside the residence and observed a woman approach a group of men at the residence, hand them money, and receive something in return. The men then went into the residence, at which point Deputy Nava and four other officers entered the residence, informed its occupants—four males and one female with an infant—that the officers were with the Sheriff's Office, secured the male occupants in handcuffs, and read everyone their *Miranda* rights. One of the male occupants was identified as appellant. The female was Angelica Sotello. In plain view on top of a heating unit, the officers saw what they suspected to be drugs. Appellant told Deputy Nava that the drugs were his. In addition to the drugs found on top of the heating unit, the officers' search of the residence uncovered a clear plastic bag containing thirty-nine smaller plastic bags containing a brown substance. Twenty of these smaller bags were tested, all twenty tested positive for heroin, and their combined weight totaled 4.094 grams.

## MOTION TO SUPPRESS

In his first issue on appeal, appellant argues the trial court erred in denying his motion to suppress evidence because of errors contained in the search warrant's supporting affidavit. Appellant points out that the supporting affidavit refers to "a Hispanic male known as Bobby who has a tattoo of the San Antonio Spur ensign on his left side of his neck." However, appellant, whose name is Robert, claims he does not go by "Bobby" or have a Spurs tattoo. According to appellant, because the information provided by the informant is "wildly incorrect," the information in the affidavit provided by the informant should be disregarded, the remainder of the affidavit does not

contain sufficient probable cause to support the warrant, and therefore, the evidence found pursuant to the search should be excluded.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). Under the Fourth Amendment, a defendant who makes a substantial preliminary showing that a false statement was made in a warrant affidavit knowingly and intentionally, or with reckless disregard for the truth, may be entitled to a hearing, upon the defendant's request. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007). This hearing is required only where the false statement is essential to the probable cause finding. *Harris*, 227 S.W.3d at 85. If at the hearing the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, the affidavit's false material is set aside. *Id.* If the remaining content of the affidavit does not then still establish sufficient probable cause, the search warrant must be voided and the evidence resulting from that search excluded. *Id.*

Here, appellant has made no showing that the affiant, Deputy Nava, made a false statement knowingly and intentionally, or with reckless disregard for the truth. To the contrary, Deputy Nava testified at trial that she placed the information regarding the tattoo in the affidavit based on a misunderstanding:

Q: [The] information that was conveyed to you, was it specifically [that] the Bobby guy has a Spurs tattoo on his neck?

A: No.

Q: How was it conveyed to you?

A: They said—when . . . they went in to go make the buy, they said that they had a tattoo. So I misunderstood and put that it was on him.

. . . .

Q:      . . . And was there anybody at the premises that, in fact, had a Spurs tattoo on the left side of the neck?

. . . .

A:      Angelica Sotello.

This misunderstanding—that one occupant had a Spurs tattoo and not the other—amounts, at most, to mere negligence by Deputy Nava and nothing more. *See Dancy v. State*, 728 S.W.2d 772, 783 (Tex. Crim. App. 1987) (misstatement in an affidavit that is result of simple negligence or inadvertence will not invalidate warrant). Second, that the search warrant asserts a Hispanic male named "Bobby" lived at the house when actually a Hispanic male named "Robert" lived at the house does not indicate Deputy Nava intentionally, knowingly, or with reckless disregard for the truth placed false assertions in the affidavit. Thus, appellant did not meet his burden to show that a false statement was made in a warrant affidavit knowingly and intentionally, or with reckless disregard for the truth, and the trial court did not abuse its discretion by refusing to suppress the evidence based on errors contained in the affidavit.

## ADMISSION OF EVIDENCE

In his second issue on appeal, appellant argues the trial court abused its discretion by admitting nineteen bags containing an untested substance into evidence.[1] Appellant points out that, although the contents of the bags were not tested, the State characterized the bags as containing a controlled substance, and therefore, the probative value of this evidence was substantially

---

[1] Appellant concedes there was a sufficient amount of substance tested to exceed the four gram threshold.

outweighed by the danger of unfair prejudice under Texas Rule of Evidence 403.[2] *See* TEX. R. EVID. 403 (although relevant, evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice).

We review the admission of evidence over a Rule 403 objection for an abuse of discretion. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). A court abuses its discretion when its ruling falls outside the zone of reasonable disagreement. *Id.* at 440. However, any trial court error other than a constitutional error that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

Here, even assuming the trial court erred by admitting evidence of the nineteen bags, there is still overwhelming evidence that the narcotics found in appellant's possession amounted to more than four grams: twenty of the thirty-nine bags found in appellant's possession tested positive for heroin, and their combined weight totaled 4.094 grams. Therefore, any error in admitting evidence of the nineteen untested bags could not have had a substantial and injurious effect or influence on the jury's verdict. Accordingly, we conclude that any error was harmless. *See* TEX. R. APP. P. 44.2(b).

---

[2] Appellant does not assert, nor does the record reveal, that the admission of the evidence amounted to Constitutional error.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice

Do Not Publish