Jane Etta HARRIS, Appellant

v.

The STATE of Texas.

No. PD–1453–05.

Court of Criminal Appeals of Texas.

June 20, 2007.

Don Hase, Arlington, for Appellant.

David M. Curl, Anne Swenson, Assistant District Attys., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion for a unanimous Court.

After the trial court denied her pre-trial motion to suppress, the appellant was convicted of possession of a controlled substance and sentenced to ten years' impris-

onment. The Second Court of Appeals reversed,[1] holding that the inconsistencies between the arresting officer's affidavit in support of his search warrant and his testimony at the hearing on the motion to suppress constituted a violation of *Franks v. Delaware*.[2] We granted the State's petition for review on four grounds: three that object to the Court of Appeals' substantive reasoning in finding a *Franks* violation on the facts, and one arguing that the appellant failed to preserve any error for review. We will reverse.

The appellant was arrested as a result of a "covered buy" instigated by a confidential informant (C.I.) on behalf of Fort Worth narcotics officer Donnie Morton. Morton gave the C.I. twenty dollars cash, checked his pockets to make sure he had no drugs on him, and then sent him into the appellant's apartment to buy crack cocaine. The C.I. returned, successfully. Morton then obtained a search warrant for the appellant's apartment, and upon its execution, he and other officers found cocaine and two handguns and arrested the appellant.

At a pre-trial hearing on the appellant's motion to suppress, Morton testified that his investigation began with an anonymous tip to the Tarrant County Crime Stoppers hotline that drugs were being sold out of the appellant's apartment. He said he arranged to meet a person he knew to be a "credible and reliable informant" at the appellant's apartment complex. Morton then described how he used this C.I. to carry out the covered buy, including giving him money and directing him to the appellant's apartment.

In the affidavit Morton submitted in support of the search warrant, he made no mention of the Crime Stoppers tip. There, however, Morton did say he "met with a reliable confidential informant," the confidential informant told him that he had personally observed the appellant selling crack cocaine in the apartment, and the informant "specifically pointed at the location described in the body of this affidavit." Neither this portion of the affidavit nor the omission of the Crime Stoppers tip from the affidavit was discussed during the suppression hearing.

In reversing the trial court's judgment, the Court of Appeals first rejected the State's argument that the appellant failed to preserve error, then conducted an in-depth analysis of the record according to *Franks*. The Court concluded that the inconsistencies between Morton's affidavit and his testimony required excision of certain statements from the affidavit because they were "either untrue or statements made with reckless disregard for the truth."[3] The Court ultimately held:

> Considering the affidavit exclusive of the statements that were untrue or made with reckless disregard for the truth of the statements, it contains a statement of Officer X's credentials and an uncorroborated representation by an informant whom Officer X may or may not have known before that the informant went to the apartment in question and bought crack cocaine with money that Officer X provided him. We hold that the surviving portion of the affidavit is inadequate to support a neutral magistrate's probable cause determination that would justify the warrant. Consequently, we hold that the trial court

---

**1.** *Harris v. State,* 184 S.W.3d 801 (Tex.App.-Fort Worth 2006).

**2.** 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

**3.** *Harris,* 184 S.W.3d, at 810.

abused its discretion in denying Appellant's motion to suppress.[4]

In this court, the State argues that the Court of Appeals erred in its substantive analysis under *Franks* and reasserts that the appellant failed to preserve any *Franks* error at trial. As such, our analysis depends on a proper reading of *Franks,* to which we will now turn.

Under *Franks,* a defendant who makes a substantial preliminary showing that a false statement was made in a warrant affidavit knowingly and intentionally, or with reckless disregard for the truth, may be entitled by the Fourth Amendment to a hearing, upon the defendant's request. This hearing is required only where the false statement is essential to the probable cause finding. If at the hearing the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, the affidavit's false material is set aside. If the remaining content of the affidavit does not then still establish sufficient probable cause, the search warrant must be voided and the evidence resulting from that search excluded.[5]

This court has made clear that in order to be granted a *Franks* hearing a defendant must:

(1) Allege deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portion of the affidavit claimed to be false;

(2) Accompany these allegations with an offer of proof stating the supporting reasons; and

(3) Show that when the portion of the affidavit alleged to be false is excised from the affidavit, the remaining content is insufficient to support issuance of the warrant.[6]

Thus, specific allegations and evidence must be apparent in the pleadings in order for a trial court to even entertain a *Franks* proceeding. As the Supreme Court said, "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."[7]

Here, the record does not support a finding that the trial court was even aware at the original hearing on the motion to suppress that a *Franks* violation was at issue. The Court of Appeals concluded the opposite, finding that the *Franks* issue was both presented in the amended motion to suppress and raised at the hearing. On our review of the record however, we find that the only even arguable reference to *Franks* in either the original or the amended motion to suppress was the following paragraph:

The search warrant was illegally issued because the issuing magistrate was misled by information in the affidavit that the affiant officer knew was false or would have known was false except for his reckless disregard for the truth.

There is no mention of what specific portion of Morton's affidavit was allegedly false, nor any offer of proof to contradict whatever those alleged misrepresentations were. Such boilerplate language falls far short of what is required under the first two prongs of the *Ramsey* test.

Nor was any evidence presented at the hearing to establish even a *prima facie* violation under *Franks.* The main thrust of defense counsel's argument during both testimony and closing arguments at the

---

4. *Id.,* at 814 ("Officer X" refers to Morton.).

5. *Franks,* 438 U.S., at 155–56, 98 S.Ct. 2674.

6. *Cates v. State,* 120 S.W.3d 352, 356 (Tex.Cr. App.2003) (quoting *Ramsey v. State,* 579 S.W.2d 920, 922–23 (Tex.Cr.App.1979)).

7. *Franks,* 438 U.S., at 171, 98 S.Ct. 2674.

hearing concerned whether Morton had sufficiently corroborated and verified the information he received before seeking the search warrant. That is an entirely different complaint than that Morton misrepresented the information to the magistrate with at least reckless disregard for the truth. This is a far more serious allegation, and from the record it is clear that none of the parties even suggested such a thing at the hearing.

The Court of Appeals dismisses the State's waiver argument as "hypertechnical" and notes that "lawyers are rarely as articulate as they would prefer to be when faced with the fast-paced and often unpredictable situations encountered in the trial court." [8] Whatever the pace of the hearing in this case may have been, we fail to see how that excuses the appellant from mentioning even a single time during the course of that suppression hearing that she believed Morton had committed as serious a violation as that against which *Franks* is designed to protect. Indeed, *Franks* and *Ramsey* call for even more specific facts to be alleged than other more typical issues raised at a suppression hearing. Here, the appellant presented close to nothing to establish what *Franks* and *Ramsey* require. Therefore, nothing was preserved for appellate review. We sustain the State's fourth ground for review.

Having sustained that ground, we need not reach the State's substantive grounds.

### Conclusion

The judgment of the Court of Appeals is reversed, and the case is remanded to that court for consideration of the appellant's other points of error.

---

8.  *Harris,* 184 S.W.3d, at 806–07.