NO. 07-06-0280-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 17, 2008
_____

JERRY WAYNE BANNISTER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF HENDERSON COUNTY;

NO. 2005-0854CL2; HON. NANCY PERRYMAN, PRESIDING
_____

*Concurring Opinion*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

I concur in the decision to reverse and remand the cause for the following reason. The court in *Harris v. State,* 227 S.W.3d 83, 85 (Tex. Crim. App. 2007) outlined what a defendant must show in order to be granted a *Franks* hearing. That is a defendant must 1) allege deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portion of the affidavit claimed to be false, 2) accompany these allegations

with an offer of proof stating the supporting reasons, and 3) show that when the portion of the affidavit alleged to be false is excised from the affidavit, the remaining content is insufficient to support issuance of the warrant. *Id.*

In the case at bar, appellant pointed out the portion of the affidavit that he believed was false; he contended that the pictures attached to the affiant's affidavit were not of appellant's house as stated in the affidavit. Appellant then accompanied his allegations with an offer of proof consisting of pictures of his actual home which home appears to be different from the one in the affiant's pictures. And, finally, in excising the pictures of the house at which appellant allegedly possessed drug paraphernalia from the affidavit, the remaining content of the affidavit is insufficient to support the issuance of the warrant based on the fact that there is probable cause that drug paraphernalia would be found at appellant's home. Therefore, I conclude that appellant established his right to and the trial court should have held a *Franks* hearing. *Harris*, 227 S.W.3d at 85.

Accordingly, I reverse the judgment and remand the case for further proceedings.


Brian Quinn
Chief Justice

Do not publish.