NO









NO. 12-09-00194-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

ROBERT ALBERT MITCHELL,

APPELLANT                                                     '     APPEAL
FROM THE 7TH

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM OPINION

 

Robert Albert Mitchell appeals his conviction for aggravated
assault.  In one issue, Appellant argues that the trial court erred by
overruling his request for a pretrial evidentiary hearing on the admission of
evidence.  We affirm.

 

Background

Appellant was indicted for the offense of aggravated assault
after he shot another individual who interrupted a drug transaction he was
conducting.  During the investigation, a police officer presented two identical
affidavits to a magistrate seeking an arrest warrant for Appellant and a search
warrant for the home where he lived.[1] 
In the affidavit, the officer stated that the shooting victim identified
Appellant as the shooter.  A judge authorized both a search warrant and an
arrest warrant.  After obtaining the warrants, officers searched the home where
Appellant was staying, recovering the rifle used in the shooting and other
evidence. 

In March 2009, Appellant filed a motion to suppress
evidence.  He filed an amended motion on May 13, 2009, the day the trial on the
merits was to begin.  At a hearing on his motion, Appellant argued that he was
entitled to a more specialized Franks[2]
hearing to challenge the truthfulness or accuracy of the affidavit used to
obtain the search warrant.  Specifically, he argues that the statement in the
affidavit that the victim identified Appellant as the shooter was not an
accurate reflection of what the victim had said.  The trial court held that the
motion was not timely filed, that the motion was prima facie inadequate to require
a Franks hearing, and that Appellant was not entitled to relief
even if the procedural inadequacies of his request were overlooked.  The trial
court overruled the motion to suppress and proceeded with the trial.  

The jury found Appellant guilty as charged.  Appellant
elected to have the trial court assess punishment.  He pleaded true to an
enhancement paragraph in the indictment in which the State alleged that he had
a prior felony conviction.  The trial court assessed punishment at imprisonment
for fifty years and a fine of $10,000.  This appeal followed.

 

Motion
to Suppress

In one issue, Appellant argues that the trial court abused
its discretion by not holding a Franks hearing at his request.

Applicable
Law and Standard of Review

            No search warrant may issue unless supported by
an affidavit setting forth substantial facts establishing probable cause for
its issuance.  Tex. Code Crim. Proc.
Ann. arts. 1.06, 18.01(b) (Vernon 2005 & Supp. 2009).  The issuance
of a search warrant for “items” requires that the peace officer first present
to a magistrate a sworn affidavit setting forth sufficient facts to establish
probable cause that (1) a specific offense has been committed; (2) the
specifically described property or items to be searched for or seized constitute
evidence of that offense or evidence that a particular person committed that
offense; and (3) the property or items constituting such evidence are located
at or on the particular person, place, or thing to be searched.  Tex. Code Crim. Proc. Ann. arts. 18.01(c),
18.02(10) (Vernon 2005).  Because the Fourth Amendment is an expression of a
strong preference for searches conducted pursuant to a warrant, an issuing
magistrate’s probable cause determination will be upheld “so long as the
magistrate had a substantial basis for concluding that a search would uncover
evidence of wrongdoing . . . .” Swearingen v. State, 143 S.W.3d
808, 810 (Tex. Crim. App. 2004) (citing Illinois v. Gates, 462
U.S. 213, 234-37, 103 S. Ct. 2317, 2330-31, 76 L. Ed. 2d 527 (1983)).

            Probable cause to support the issuance of a
search warrant exists where the facts submitted to the magistrate are
sufficient to justify a conclusion that the object of the search is probably on
the premises to be searched at the time the warrant is issued.  See Cassias
v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); see also Rodriguez
v. State, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007) (“Probable cause
exists when, under the totality of the circumstances, there is a ‘fair
probability’ that contraband or evidence of a crime will be found at the
specified location.”). 

The sufficiency of a search warrant
affidavit is evaluated by a “totality of the circumstances” analysis.  See Gates,
462 U.S. at 234, 103 S. Ct. at 2330; Ramos v. State, 934 S.W.2d
358, 362-63 (Tex. Crim. App. 1996).  A reviewing court may consider only the
facts found within the four corners of the affidavit when evaluating a
complaint that a search warrant affidavit does not establish probable cause.  See
Smith v. State, 207 S.W.3d 787, 794 (Tex. Crim. App. 2006); Jones
v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992).  

            There is an exception to the four corners rule
when a defendant properly raises the issue of whether the facts sworn to in the
search warrant affidavit are true.  The Supreme Court held in Franks v.
Delaware, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), that
the Fourth Amendment to the U.S. Constitution permits a defendant to challenge
not only the sufficiency of an affidavit used to support a search warrant but
also the veracity of the information contained therein.  Franks,
438 U.S. at 171–72, 98 S. Ct. at 2684–85.  In order to require the
trial court to hold a hearing on this issue, and to preserve the issue for
appellate review, a defendant must

(1)     allege deliberate falsehood or reckless disregard for
the truth by the affiant, specifically pointing out the portion of the
affidavit claimed to be false,

(2)    
accompany these allegations with
an offer of proof stating the supporting reasons, and

 

(3)    
show that when the portion of the
affidavit alleged to be false is excised from the affidavit, the remaining
content is insufficient to support the issuance of the warrant.

 

Id.; Harris v. State, 227 S.W.3d
83, 85 (Tex. Crim. App. 2007); Ramsey v. State, 579 S.W.2d 920,
922–923 (Tex. Crim. App. 1979).

            The “challenger’s attack must be more than
conclusory and must be supported by more than a mere desire to cross-examine.” 
Franks, 438 U.S. at 171, 98 S. Ct. at 2684.  

Analysis

            The trial court overruled
Appellant’s request for a hearing on two independent grounds.  First, the trial
court ruled that Appellant’s filing of the motion requesting a Franks hearing
on the day trial was to begin was untimely.  Second, the trial court held that
the request was inadequate to require a hearing.  Additionally, the trial court
held that even if Appellant had a right to a Franks hearing, he
failed to establish that probable cause to support the issuance of the warrant
was lacking if the questioned portions of the affidavit were not considered.

            Timeliness

            Appellant’s original motion to suppress did not
specifically allege a Franks violation.  Appellant did allege
that the “search warrant was illegally issued because the issuing magistrate
was misled by information in the affidavit that the affiant officer knew was
false or would have known was false except for his reckless disregard for the
truth.”  

This meets the first part of what a
defendant must offer to be entitled to a Franks hearing–an
allegation that something in the affidavit is not true–but fails to show what
in the affidavit was false, fails to make an offer of proof, and fails to show
that probable cause does not exist without consideration of the untrue portion
of the affidavit.  See Franks, 438 U.S. at
171–72, 98 S. Ct. at 2684–85.  The court of criminal appeals has held that an
identical pleading was insufficient to put a trial court on notice that a Franks
hearing was requested.  See Harris, 227 S.W.3d at
85.  

Appellant filed an amended motion the day of
the pretrial hearing—it was also the day of trial—that addressed the issue more
fully.  A motion to suppress must be filed seven days prior to the pretrial
hearing. See Tex. Code Crim.
Proc. Ann. art. 28.01, § 2 (Vernon 2006).  Because Appellant did not
file the motion seven days prior to the hearing, the trial court ruled that it
was untimely filed and did not consider it.  Article 28.01 allows for a late
filing when good cause is shown.  Id.  Appellant does not argue
that the trial court erred by refusing to consider his amended motion or that
good cause existed for the consideration of the untimely motion.  Because
Appellant does not argue that the trial court erred by not considering anything
beyond his first motion, the trial court’s ruling can be sustained on the
ground that the first motion to suppress was inadequate to require a hearing.[3]

Probable Cause Despite Questioned
Passages

While he does not argue that the trial court
erred by not considering his amended motion to suppress, Appellant does argue
that he was entitled to a Franks hearing after the filing of the
second motion and his offer of proof.  In his amended motion and with the
evidence included in his offer of proof, Appellant alleged that there was a
false statement in the affidavit and made an offer of proof as to what was
false.  This satisfies the first and second showings that a defendant must
make.  See Ramsey, 579 S.W.2d at 922–23.[4] 


But Appellant never established that the
affidavit without the alleged false statements failed to allege facts
sufficient to allow a finding of probable cause.  Appellant identifies the
following as being untrue:  “Ricky stated that an argument started and that it
got heated and the black male known as [Appellant] reached in the car and
pulled out a gun.”  In the sentences that precede and follow that sentence, the
officer quotes Ricky as having made several other statements, including that
Appellant had shot him.  However, this presentation of Ricky’s statement to the
police was contradicted by an audio recording in which Ricky told the officer
that he did not see a gun and did not see anything.  Appellant’s amended motion
alleges, in conclusory fashion, that there is not probable cause if the
offending sentence is removed.  But his motion does not show how this is so. 

In fact, the court concluded that the
questioned sentence or series of sentences was not the only basis for a
probable cause determination.  Within the same affidavit, the officer recounts
Ricky’s making another identification of Appellant as the shooter.  Specifically,
at what appears to be another interview, the officer presented Ricky with six
photographs, and Ricky picked out Appellant as the person who had shot him.  By
reviewing the affidavit and considering the evidence adduced at the hearing,
the trial court could have reasonably concluded that the photo identification and
the recorded interview with Ricky took place at two different times. 
Accordingly, if the problematic portions of the affidavit were excised, there
was still an identification of Appellant as the shooter.  In addition, the
affidavit included an assessment of the physical evidence observed by the
officer–Ricky’s gunshot wound and the shell casings–as well as other witnesses
who described events immediately before the shooting.[5] 
Because Ricky’s subsequent identification and the additional observations and
statements were sufficient to show probable cause, the trial court reasonably
concluded that Appellant had failed to show that there was not probable
cause without the allegedly false passages in the affidavit.

Merits

Finally, the trial court revaluated its
ruling following Appellant’s offer of proof.  Appellant did not suggest, and
does not suggest on appeal, that there was additional information he wished to
offer had the trial court granted a Franks hearing.  Accordingly,
the trial court had the information it needed to make a ruling on Appellant’s
motion to suppress.  Following Appellant’s offer of proof, the trial court
stated that the evidence it heard did not change its opinion of the facts.  In
essence this is a finding that Appellant did not show that the affidavit,
omitting the challenged parts, was insufficient to allege probable cause.  For
the reasons we explained previously, this conclusion is supported by the
record.  

Conclusion

After reviewing the evidence, we hold that
the trial court did not err.  Appellant’s first motion to suppress was
inadequate to require a hearing because it contained no more than a generalized
statement regarding any inaccurate statements in the probable cause affidavit. 
See Harris, 227 S.W.3d at 85.  The second motion to suppress was
inadequate to require a hearing because Appellant did not show that the
affidavit without the questioned passages was insufficient for the issuing
magistrate to conclude that probable cause existed.  Id. 
Finally, after consideration of Appellant’s offer of proof, the trial court’s
conclusion that probable cause existed without reliance on the questioned
passages in the search warrant affidavit is supported by the record.  Accordingly,
we overrule Appellant’s sole issue.

Disposition

Having overruled Appellant’s sole issue, we affirm
the judgment of the trial court



 

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

 

Opinion delivered May 12, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)

 









[1]
The affidavits for both warrants are the same.  We will refer primarily to the
search warrant affidavit because it is the focus of Appellant’s argument and
because the resulting warrant is what allowed the police to recover important
physical evidence.  





[2]
Franks v. Delaware, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct.
2674 (1978).





[3] In Ramirez v. State, No.
03-07-00192-CR, 2009 Tex. App. LEXIS 8579, at *6–7 (Tex. App.–Austin Nov. 5,
2009) (mem. op., not designated for publication), the court held that a Franks
claim need not be presented at a pretrial hearing.  Our holding does not
conflict with this.  We merely rely upon Appellant’s failure to make an
argument that the trial court erred in concluding that the amended motion to
suppress was untimely. 





[4]
The State argues that Appellant did not demonstrate that the officer’s
statement in the affidavit was intentionally false or made with reckless
disregard of the truth.  In the affidavit, the affiant officer quotes another
officer’s interview with the shooting victim.  However, it is not clear in the
affidavit which of the victim’s statements were made to that officer and which
were made to the affiant officer.  At the pretrial hearing, Appellant presented
a sentence in the affidavit in which it appeared that the victim told the
affiant officer that he saw Appellant shoot him, along with a recording in which
he told the affiant officer that he did not see anything.  The affiant officer
did not explain the discrepancy at that time and so the trial court was left
with an apparent inaccurate statement in the affidavit.  We assume for purposes
of argument that an assertion that the principal operative fact in an
affidavit–in this case, a shooting victim’s identification of the shooter–is
false is sufficient to at least raise an inference that the drafter of the
affidavit was reckless. 





[5]
Ricky is the only witness mentioned in the affidavit who identifies Appellant
as the shooter.