

**NUMBER 13-10-00118-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JOSE LUIS ORTIZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant Jose Luis Ortiz challenges the trial court's denial of his motion to suppress in this marihuana possession case. By one issue, Ortiz argues that the trial court erred in denying his motion because the judicial search warrant that uncovered incriminating evidence of his involvement in the crime was wrongfully obtained through misrepresentation. We affirm.

## I. BACKGROUND[1]

Ortiz was indicted for possession of a usable amount of marihuana in an amount greater than 50 but less than 2,000 pounds, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(5) (Vernon 2010). Ortiz filed a motion to suppress, in which he alleged that the warrant obtained by police to search the home at which he was arrested was "not based on real probable cause and/or untainted information." The trial court held a hearing on Ortiz's motion. The officer whose affidavit was used to support the warrant testified at the hearing. The trial court orally denied the motion at the conclusion of the hearing.

Ortiz then filed a motion for reconsideration of his motion to suppress. In this motion, Ortiz alleged that the information in the warrant affidavit was "totally contrary to the sworn testimony of the [officer]" at the motion to suppress hearing. Ortiz alleged that although the affidavit stated that its information was obtained from a credible and reliable confidential informant, the officer affiant testified at the hearing that the information came from an anonymous tip. Ortiz alleged that the affidavit therefore "contained a false statement that easily misled the judge in issuing the warrant" and, as a result, the search warrant affidavit must be voided and any evidence obtained under that warrant must be excluded. The trial court did not rule on Ortiz's motion for reconsideration, and no hearing was held on that motion.

Ortiz pleaded guilty to the charge in the indictment. The trial court sentenced him to five years' incarceration in the Institutional Division of the Texas Department of Criminal

---

[1]Because this is a memorandum opinion and the parties are familiar with the facts, we will only discuss those facts necessary for the disposition of this appeal. *See* TEX. R. APP. P. 47.1.

Justice and assessed a $2,500 fine; the sentence was suspended and Ortiz was placed on community supervision for a term of five years. The trial court certified Ortiz's limited right to appeal the denial of his motion to suppress.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

> The Fourth Amendment commands that no warrants . . . shall issue except upon probable cause, and it reflects our constitutional preference for the warrant process in which police officers present their facts to a neutral magistrate to decide if there is probable cause to issue that warrant. . . . Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants. Thus, even in close cases we give great deference to a magistrate's determination of probable cause to encourage police officers to use the warrant process rather than making a warrantless search and later attempting to justify their actions by invoking some exception to the warrant requirement.

*Rodriguez v. State*, 232 S.W.3d 55, 59-60 (Tex. Crim. App. 2007) (citing *Henry v. United States*, 361 U.S. 98, 200 (1959); *United States v. Ventresca*, 380 U.S. 102, 106 (1965)) (internal quotations omitted).

However, so long as certain procedures outlined by the Supreme Court in *Franks v. Delaware* are followed, a defendant may nonetheless attack the veracity of an officer's affidavit in support of a search warrant. *See* 438 U.S. 154, 175-56 (1978); *see also Athey v. State*, No. 13-06-00129-CR, 2007 WL 2389599, at *4 (Tex. App.–Corpus Christi Aug. 23, 2007, no pet.) (mem. op., not designated for publication). "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," he may be entitled to a hearing. *Franks*, 438 U.S. at 155-56; *see Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007). A hearing is required only where the false

3

statement is essential to the finding of probable cause. *Harris*, 227 S.W.3d at 85. If, at the hearing, the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, the false material in the affidavit is set aside. *Franks*, 438 U.S. at 156. If the remaining content of the affidavit does not establish probable cause, the search warrant must be voided and the evidence obtained as a result of the warrant excluded. *Id.*

To make the "substantial preliminary showing" predicate to a *Franks* hearing, the Texas Court of Criminal Appeals has made it clear that a defendant must: (1) allege deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the complained-of portion of the affidavit; (2) accompany the allegation with an offer of proof stating the supporting reasons; and (3) show that when the alleged false portion of the affidavit is excised, the remaining content is insufficient to support probable cause and the issuance of the warrant. *Harris*, 227 S.W.3d at 85 (citing *Cates v. State*, 120 S.W.3d 352, 356 (Tex. Crim. App. 2003)). Specific allegations and evidence must be apparent in the pleadings, and the defendant's attacks must be more than conclusory. *Id.* If a defendant fails to make such a showing, he has not preserved a *Franks* issue for review. *See id.* at 86; *see also Athey*, 2007 WL 2389599, at *7.

### III. Discussion

In his motion to suppress, Ortiz made no allegations of falsehood in the warrant affidavit. We have also reviewed the record of the suppression hearing, and no such allegations were made at the hearing. Rather, Ortiz first raised the truthfulness of the affidavit in his motion for reconsideration. Our *Franks* analysis begins, then, with this later motion.

4

Ortiz alleged in his motion for reconsideration that the warrant affidavit contained a falsehood, because although the affidavit stated that its information was obtained from a credible and reliable confidential informant, the officer affiant testified at the suppression hearing that the information came from an anonymous tip. The relevant portions of the search warrant read as follows:

> On January 19, 2009, [an officer] received information from a concerned citizen of drugs being unloaded at the suspected place. Investigators of the Hidalgo County Sheriff's Office Narcotics Unit have received information about the suspected place in the past and have conducted surveillance of the suspected location on numerous occasions. . . . [T]he grounds for issuance for this warrant are derived from physical evidence and/or information from a credible and reliable confidential informant.

Ortiz's challenge appears to be based on the following exchanges from the suppression hearing:

> [Prosecutor]: Now, do your recall on what date your sergeant received this [] concerned citizen tip?
>
> [Officer affiant]: That particular one was on January 19th—-
>
> . . . .
>
> [Prosecutor]: And regarding that call, this was, I mean, is this just like a tip, or is this like a confidential informant that the Sheriff's Department uses?
>
> [Officer affiant]: This is just a tip. What will happen is, a lot of times, we have somebody that they don't want to sign up and they don't want to be any kind of—-they don't want to get paid, anything like that. They just call up, "Hey, look. There's something going on here that might be narcotics. You guys might want to check it out."
>
> . . . .
>
> [Defense counsel]: Now, would that information you sought [be] in the search warrant from Judge Rodriguez?
>
> [Officer affiant]: Yes, sir.

5

[Defense counsel]: And all of that was just an anonymous tip that you had gotten as a Crime Stoppers tip probably?

[Officer affiant]: Yes, sir.

Assuming without deciding that the complained-of discrepancy does rise to the level of a falsehood,[2] Ortiz failed to even allege that the discrepancy was knowing, intentional, or reckless, much less make an offer of proof to that effect. *See Harris*, 227 S.W.3d at 85. Absent that, we cannot conclude that Ortiz made the requisite "substantial preliminary showing" that the complained-of portion of the officer's affidavit was a knowing and intentional falsehood or made with a reckless disregard for the truth. *See Franks*, 438 U.S. at 155-56. Ortiz has therefore failed to preserve a *Franks* challenge for our review, and we defer to the trial court's determination that probable cause existed for the warrant. *See Rodriguez*, 232 S.W.3d at 59-60; *Harris*, 227 S.W.3d at 86; *see also Athey*, 2007 WL 2389599, at *7. Ortiz's sole issue is overruled.

## IV. Conclusion

We affirm the order of the trial court denying Ortiz's motion to suppress.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
15th day of July, 2010.

---

[2]We note that, based on our review of the record, Ortiz's allegation is, arguably, more accurately characterized as a slight discrepancy between the testimony of the officer affiant at the suppression hearing and the officer's statement in the affidavit.

6