Opinion filed August 9,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00158-CR

                                                    __________

 

                                     state of texas, Appellant

 

                                                             V.

 

                                        chris lollar, Appellee



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                       Trial
Court No. CR024118

 



 

M
E M O R A N D U M   O P I N I O N

            Chris
Lollar was charged by information with driving while intoxicated on July 28,
2009. On May 5, 2010, the trial court held a hearing on Appellee’s motion to
suppress all evidence acquired pursuant to the blood-draw search warrant.  The
trial court took the motion under advisement and, on May 27, 2010, granted the
motion to suppress.  The State appeals the granting of the motion to suppress.  This
court abated the appeal to allow the trial court to file findings of fact and
conclusions of law, per the State’s timely request.  The trial court entered
its findings of fact and conclusions of law on March 9, 2012.  We affirm.

Background
Facts

            On
March 29, 2009, Officer Misti Watkins, of the Anson Police Department, received
a call regarding a one-vehicle rollover in Anson, Jones County, Texas.  When
Officer Watkins arrived at the scene, she found an upside-down black SUV.  Appellee
was still inside the vehicle, but was attempting to crawl out of the passenger
window.  Richard Lollar was standing next to the vehicle.  Officer Watkins
helped Appellee out of the passenger side of the upside-down vehicle.  Appellee
told Officer Watkins that she took the turn too fast and lost control.  Officer
Watkins testified that Appellee smelled of alcohol and exhibited slowed,
slurred speech.  Officer Watkins also noticed that Appellee had bloodshot,
“glassed[-]over” eyes and poor balance.  There was half of a 30-pack of beer in
the car; some of the cans were damaged during the accident and were leaking their
contents into the vehicle.

            Shortly
after Officer Watkins arrived at the scene, EMS arrived and took Appellee to
Anson General Hospital.  After medical personnel at Anson General examined Appellee,
she was taken by helicopter to Lubbock for treatment of a closed-head injury.  Officer
Watkins remained on the scene to continue her investigation.  Officer Watkins filled
out a search warrant affidavit form and presented it to a magistrate who issued
a search warrant for a sample of Appellee’s blood.  Before Appellee was taken to
Lubbock for treatment of her closed-head injury, Officer Watkins went to Anson
General and presented the warrant to the hospital staff.  A sample of
Appellee’s blood was drawn by a hospital technician.  Several months later, on
July 27, 2009, the State filed an information charging Appellee with the
offense of DWI.

            Appellee
filed a Franks v. Delaware motion to suppress all evidence derived from
the issuance of the warrant.  See Franks v. Delaware, 438 U.S. 154
(1978).  In the motion to suppress, Appellee alleged that the affidavit that
was presented to the magistrate contained deliberate falsehoods or reckless
disregard for the truth.  Appellee attached a supporting affidavit in which she
contradicted Officer Watkins’s affidavit and asserted that, contrary to the
statements made in Officer Watkins’s affidavit, she was never asked to perform
field sobriety tests.  On May 5, 2010, a Franks hearing was held on
Appellee’s motion to suppress.  Officer Watkins was the sole witness at the
hearing.  She testified about the stop and about her preparation of the
affidavit in support of the search warrant.

            At
the hearing, Officer Watkins’s testimony contradicted additional facts listed
in the affidavit.  We list here the discrepancies that the trial court
specifically cited in its findings of fact.  The affidavit submitted to the
magistrate in support of the warrant states that Appellee was asked at the scene
to provide a specimen of her breath so that it could be analyzed to determine
if she was under the influence of alcohol after the traffic stop.  Officer
Watkins admitted at the hearing that this did not happen.  Officer Watkins
stated in the affidavit that Appellee “admitted to me that [she] had been
operating a motor vehicle in a public place in Jones County, Texas[,] just 7
minutes prior to my arrival” at the scene.  Officer Watkins contradicted this
at the hearing by saying that she merely inferred that Appellee had been the
one operating the vehicle because Appellee stated, “I was driving down the
road.  My husband and I were arguing.  I took the turn too fast and lost
control.”  The seven-minute time frame was Officer Watkins’s estimate, not Appellee’s
direct admission as is suggested by the wording of the affidavit.  In paragraph
seven of the supporting affidavit, Officer Watkins said that she performed
field sobriety tests on Appellee.  Appellee submitted an affidavit in which she
denied that Officer Watkins requested her to perform field sobriety tests and
denied that she performed such tests.  Officer Watkins admitted during the Franks
hearing that she did not actually perform any field sobriety tests.  Officer
Watkins said, in paragraph nine of the search warrant affidavit, that she
requested a sample of Appellee’s breath and/or blood and that Appellee refused. 
At the hearing, Officer Watkins admitted that she never asked Appellee for a
sample of breath or blood.

            The
trial court also found that Officer Watkins omitted some key facts from the
affidavit that might have weighed against the magistrate’s granting of the
search warrant.  She did not mention in the affidavit that Appellee had to be
removed from her vehicle, which was upside down, or that Appellee’s husband,
Richard, was also in the vehicle with her.  Officer Watkins also failed to include
information that Appellee may have suffered a serious head injury or other
trauma; she had to be taken by ambulance from the scene due to her injuries.  She
also did not mention that, in the vehicle, there were cans of beer that had
been crushed during the accident; these could have been the source of the odor
of alcohol at the scene and on Appellee’s person.  At the hearing, Officer
Watkins conceded that Appellee’s behavior at the scene could have been the
result of her injuries, as opposed to intoxication, and that the odor could
have come from the crushed cans of beer.

            Based
on the foregoing discrepancies, on Officer Watkins’s failure to correct known
falsehoods in the affidavit, and on her demeanor during her testimony, the
trial court found that Officer Watkins was not a credible witness.  The trial
court found Officer Watkins’s testimony about Appellee’s strong odor of alcohol
and bloodshot eyes was not credible.  Further, the trial court found that the
“allegation in the search warrant affidavit that Defendant Lollar’s lack of
balance, slurred speech, and bloodshot eyes were caused by intoxication and not
by the shock and trauma she sustained in the vehicle accident were demonstrated
to be false by Officer Watkins’ trial testimony.”  The trial court found that
the smell of alcohol likely emanated from the six to seven leaking cans of
beer, rather than Appellee.  Finally, the trial court found that Officer Watkins’s
failure to correct the falsehoods in her affidavit was deliberate and
intentional, or at least done with a reckless disregard for the truth rather
than mere negligence.  The trial court granted Appellee’s motion to suppress.

The
Trial Court’s Granting of the Motion to Suppress

            In
its first issue, the State argues that the trial court abused its discretion when
it granted Appellee’s motion to suppress evidence acquired pursuant to the
blood-draw search warrant.  We review a trial
court’s decision on a Franks suppression issue under the same standard
that we review a probable cause deficiency, a mixed standard of review: “We
give almost total deference to a trial court’s rulings on questions of historical
fact and application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor while we review de novo
application-of-law-to-fact questions that do not turn upon credibility and
demeanor.”  Johnson v. State, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002);
Davis v. State, 144 S.W.3d 192, 201 (Tex. App.—Fort Worth
2004, pet. ref’d).  However, in a Franks hearing, the trial court may
consider not only the probable cause affidavit but also the evidence offered by
the party moving to suppress because this attack on the sufficiency of the
affidavit arises from claims that it contains false statements.  Franks,
438 U.S. at 155–56; Cates v. State, 120
S.W.3d 352, 355 n.3 (Tex. Crim. App. 2003); Davis, 144 S.W.3d at 201.

            In
Franks, the United States Supreme Court held that, if a defendant
established by a preponderance of the evidence that a false statement made
knowingly, intentionally, or with reckless disregard for the truth was included
in a probable cause affidavit and if it was material to establish probable
cause, the false material must be excised from the affidavit.  Franks,
438 U.S. at 164–65; Harris v. State, 227 S.W.3d 83, 85 (Tex. Crim. App.
2007).  If the remaining content of the affidavit does not then still establish
sufficient probable cause, the search warrant must be voided, and the evidence
resulting from that search excluded.  Franks, 438 U.S. at 155–56; Harris,
227 S.W.3d at 85.  A misstatement in an affidavit that is the result of simple
negligence or inadvertence, as opposed to reckless disregard for the truth,
will not make the warrant invalid.  See Dancy v. State, 728 S.W.2d 772,
783 (Tex. Crim. App. 1987).  At a Franks hearing, the trial court is
owed great deference as sole factfinder and judge of the witnesses’
credibility.  Janecka v. State, 937 S.W.2d 456, 462 (Tex. Crim. App.
1996).

            The
State attacks the trial court’s initial decision to grant the Franks hearing
at all.  In order to be granted a Franks hearing, a defendant must (1) allege
a deliberate falsehood or reckless disregard for the truth by the affiant,
specifically pointing out the portion of the affidavit claimed to be false; (2)
accompany these allegations with an offer of proof stating the supporting
reasons; and (3) show that, when the portion of the affidavit alleged to be
false is excised from the affidavit, the remaining content is insufficient to
support issuance of the warrant.  Harris, 227 S.W.3d at 85.  Appellee
alleged in her motion that Officer Watkins’s affidavit contained deliberate or
reckless falsehoods.  Appellee made an offer of proof of those claims and
attached an affidavit in support of her motion.  Appellee not only asserted
that field sobriety tests were neither requested nor performed, but she also
attacked the remaining basis for establishing probable cause to issue a
warrant.  She alleged that there was no basis for “the opinion [that Appellee
had operated a vehicle while intoxicated] enumerated in the affidavit” other
than the physical description of Appellee that was provided by Officer Watkins that
could be explained by other circumstances that were omitted from the affidavit.
 In her affidavit in support of the motion to suppress, Appellee only mentions
the facts in paragraph seven of Officer Watkins’s affidavit.  However, the
allegations in her written motion are no less relevant.  “[N]othing in our law
requires the defendant to include a sworn affidavit in making a preliminary
showing under Franks.”  Cates, 120 S.W.3d at 356.  The
trial court did not err when it granted the hearing.

            At
the hearing, Officer Watkins confirmed that she did not perform any sobriety
tests. She admitted that paragraph seven of the affidavit was untrue.  Additional
falsehoods and omissions came to light during the hearing.  Officer Watkins’s
testimony went beyond negligence to a reckless disregard for the truth.  Officer
Watkins admitted that she had not read the affidavit before she signed it.  She
“didn’t think to go back and read it and mark out stuff that did not apply.”  When
asked whether this was an example of “good” or “bad” police work, she replied,
“Well, it’s not good or bad . . . just because I didn’t mark it out doesn’t
mean it’s bad police work.”  Form affidavits can be a valuable tool for law
enforcement when time is of the essence; if abused, they also have the
potential to infringe on Fourth Amendment rights.  The affiant must bear
responsibility for the contents of a sworn affidavit presented to a magistrate
for signature.

            It
is clear from the record, especially the findings of fact and conclusions of
law, that, due to credibility issues, the trial court became concerned with the
entire affidavit, not just those portions attacked by the motion to suppress.  The
trial court expressed in its findings that it was concerned with the
credibility of the affiant based on her demeanor at the hearing and
discrepancies in her testimony.  In fact, the trial court’s decision to grant
the motion to suppress turned entirely on its assessment of the credibility of
the affiant.  We defer to the trial court as sole factfinder and judge of the
witness’s credibility.  When
the parts of the affidavit that the trial court found incredible were stripped
away, there was nothing left in the affidavit to establish the probable cause
necessary to issue a warrant for Appellee’s blood.  The State’s first issue is overruled.

Issues
that Are Moot

            In
Issue Two, the State argues that a municipal court judge in Jones County is
authorized to sign a search warrant for blood.  This issue is moot because the
trial court’s findings of fact and conclusions of law reveal that its decision
rested solely on the affiant’s credibility and had nothing to do with the
qualifications of the issuing magistrate.  Likewise, we did not rely on the
authority of the issuing magistrate in overruling the State’s first issue.  The
State’s second issue is overruled as moot.

            In Issue Three, the State contends that
the trial court erred when it failed to file written findings of fact and
conclusions of law.  After we abated the appeal, the trial court filed written
findings of fact and conclusions of law regarding Appellee’s motion to
suppress.  Issue Three is overruled as moot.

The
judgment of the trial court is affirmed.

 

 

                                                                                                ERIC
KALENAK

August 9, 2012                                                                       JUSTICE

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.