**Affirmed and Memorandum Opinion filed August 26, 2014.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-13-00445-CR
### NO. 14-13-00446-CR

**BRANDON KYLE ALEXANDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1351159, 1351160**

## M E M O R A N D U M   O P I N I O N

Appellant Brandon Alexander appeals his convictions for possession of marijuana and felon in possession of a firearm. In a single issue, appellant claims the trial court erred in denying his motion to suppress because the affidavit supporting the arrest warrant contained false statements. Concluding that appellant failed to make the requisite "substantial preliminary showing" that a false statement was intentionally, knowingly, or recklessly included in the warrant

affidavit, we affirm.

## Facts and Procedural Background

Based on two "strong tentative" photo-array identifications and a link to a license plate number, Officer Gary Young of the Houston Police Department (HPD) obtained an arrest warrant for appellant in connection with a robbery that occurred in Harris County, Texas, on May 14, 2012. Officer Young and other HPD officers entered appellant's home in Houston, Harris County, Texas, while executing the arrest warrant on June 14, 2012. Appellant and his wife were taken into custody after the HPD officers discovered the couple trying to dispose of a marijuana stash. The police later found two handguns in the couple's house.

Appellant was indicted for (1) intentionally and knowingly possessing marijuana in a useable quantity of more than four ounces and less than five pounds, and (2) intentionally and knowingly possessing a firearm after having been convicted of the felony offense of felon in possession of a weapon. The indictment for marijuana possession alleged two prior convictions, and the indictment for felon in possession of a weapon alleged one prior conviction.

Appellant filed a motion to quash the arrest warrant and a motion to suppress the evidence acquired by the police while executing the arrest warrant (collectively, the "motion to suppress"). The trial court held a hearing on appellant's motion to suppress and denied the motion. Appellant then pleaded guilty to both offenses and pleaded "true" to the prior convictions. He was sentenced to five years in prison for each offense, with the sentences to run concurrently. Appellant timely appealed.

2

**Discussion**

Citing *Franks v. Delaware*, 438 U.S. 154 (1978), appellant contends the arrest-warrant affidavit contains a false statement. Specifically, appellant alleges that the 2009 mug-shot photo used by the police that resulted in two "strong tentative" identifications did not accurately represent appellant's appearance at the time of the alleged robbery. A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Rios v. State*, 376 S.W.3d 238, 241 (Tex. App.— Houston [14th Dist.] 2012, no pet.). We will uphold the trial court's ruling if it is reasonably supported by the record and is correct under any applicable legal theory. *Id.* The trial court is the sole trier of fact and judge of witness credibility and the weight given to witness testimony. *Id.* We give the trial court almost complete deference in determining historical facts, and we review de novo the trial court's application of the law to those facts. *Id.* When, as here, the trial court does not file findings of fact, we review the evidence in the light most favorable to the trial court's ruling. *Id.*

To succeed in a *Franks* challenge to a warrant, a defendant must first make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit . . . ." 438 U.S. at 155–56. To make the requisite preliminary showing, the defendant must:

(1)  allege [a] deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portion of the affidavit claimed to be false;

(2)  accompany these allegations with an offer of proof stating the supporting reasons; and

(3)  show that when the portion of the affidavit alleged to be false is excised from the affidavit, the remaining content is insufficient to support issuance of the warrant.

*Ramsey v. State*, 579 S.W.2d 920, 922–23 (Tex. Crim. App. [Panel Op.] 1979); *see also Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007).

The record demonstrates that appellant did not satisfy the "substantial preliminary showing" requirement that would entitle appellant to a hearing, let alone the granting of his motion to suppress. First, the record does not support a finding that the trial court was even aware at the original hearing on the motion to suppress that an alleged *Franks* violation was at issue. The only arguable reference to *Franks* in the motion to suppress was the following statement:

> The arrest warrant was authorized for the arrest of Brandon Alexander based on false and misleading information that did not substantiate the arrest of Brandon Alexander without the false and misleading information.

The motion does not mention the specific portion of the warrant affidavit that was allegedly false. The motion does not even allege that the warrant affidavit contained false statements. A memorandum filed by defense counsel in support of the motion to suppress does not specifically allege that the warrant affidavit was false; rather, it merely alleges that "[h]ad a more recent picture of [appellant] been shown, the tentative ids would most definitely have been no ids."

An affidavit provided by appellant supporting the motion to suppress did not specifically aver that the warrant affidavit contained a false statement, nor did it prove that the warrant contained a false statement. Appellant stated, in pertinent part:

> The photograph presented to the witnesses from January 23, 2009 looked nothing like the way I looked on January 23, 2012.
>
> . . .
>
> I feel the officers misled the Magistrate to get the Arrest Warrant, and they misled the witnesses to get a strong tentative identification by presenting pictures of me that looked nothing like the way I looked on

May 14, 2012.

Appellant's averments indicate that he was not complaining about false statements in a warrant affidavit, but rather about the allegedly misleading effect of using an out-of-date photograph in a photo array. While appellant may have felt that the officers misled the magistrate, appellant does not provide any objective support for his feelings.

Additionally, the trial judge's ruling on the motion indicates that she was unaware that a *Franks* violation was being asserted or at issue because the ruling addresses only whether probable cause existed:

> The Court's understanding from reading the affidavits is that there were two tentative identifications made of the defendant from photo spreads as well as a link through a vehicle. Though not registered to him, there certainly was a link to him. So, I think that there was enough probable cause to have the warrant issued. And that though he was not ultimately charged with that, I think that the warrant was valid. I think that the entry into the home was valid. And, so, I'm going to deny your Motion to Suppress the arrest warrant or the arrest and any fruits of that arrest.

Appellant's motion to suppress and its accompanying documents fall far short of what is required under the first two prongs of the *Ramsey* test. *Cf. Harris*, 227 S.W.3d at 85.

Second, defense counsel did not present any evidence at the hearing to establish a prima facie violation under *Franks*. The main thrust of defense counsel's argument during the hearing concerned whether the police had sufficiently linked appellant to the alleged robbery, not whether the affidavit supporting the arrest warrant contained false statements. *Cf. id.* at 85–86. The only evidence presented by defense counsel was appellant's conclusory affidavit, which the trial judge could have disregarded as lacking in both credibility and weight.

Accordingly, viewing the available evidence in the light most favorable to the trial court's ruling, we conclude that appellant did not make the requisite preliminary showing that a false statement was knowingly, intentionally, or recklessly included in the officer's affidavit. The trial court did not abuse its discretion when it denied appellant's motion to suppress.

## Conclusion

Appellant's sole issue on appeal is overruled, and the judgment of the trial court is affirmed.


/s/    Marc W. Brown
       Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).