

# IN THE
# TENTH COURT OF APPEALS

## No. 10-20-00094-CR

**MARTIN ARTURO YBARRA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 19-01783-CRF-272

## MEMORANDUM OPINION

The jury convicted Martin Ybarra of the offense of driving while intoxicated, third offense. *See* TEX. PENAL CODE ANN. § 49.09 (b). The trial court found the enhancement paragraphs to be true and assessed punishment at 25 years confinement. We affirm.

### MOTION TO SUPPRESS

In two issues, Ybarra argues that the trial court erred in denying his motion to suppress evidence of his blood sample. A trial court's ruling on a motion to suppress is

reviewed on appeal for abuse of discretion. *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018). The record is viewed in the light most favorable to the trial court's determination, and a trial court's ruling should be reversed only if it is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *Id.* We give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor; and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Richardson v. State*, 494 S.W.3d 302, 304 (Tex. App. —Waco 2015, no pet.). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, such as the determination of reasonable suspicion, we review the trial court's ruling on those questions de novo. *Hereford v. State*, 339 S.W.3d 111, 118 (Tex. Crim. App. 2011); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). If the trial court makes findings of fact, as it did here, we determine whether the evidence supports those findings. *Richardson v. State*, 494 S.W.3d at 304. We then review the trial court's legal rulings de novo unless the findings are dispositive. *Id.* We will sustain the trial court's decision if we conclude that the decision is correct under any applicable theory of law. *State v. Cortez*, 543 S.W.3d at 203.

In the first issue, Ybarra argues that the trial court erred in denying the motion to suppress the warrantless analysis of his blood sample. The police officers obtained a

warrant to draw Ybarra's blood sample but did not obtain a second warrant to analyze the blood sample. Ybarra contends that because there was not a second warrant to analyze the blood sample, the trial court erred in denying his motion to suppress the warrantless analysis of his blood sample.

The Court of Criminal Appeals rejected Ybarra's argument in *Crider v. State*, 607 S.W.3d 305 (Tex. Crim. App. 2020). The Court found that "the chemical testing of the blood, based upon a warrant that justifies the extraction of blood for that very purpose, is a reasonable search for Fourth Amendment purposes." *Crider v. State*, 607 S.W.3d at 308. The Court held that a magistrate's determination that probable cause existed to justify the seizure of the blood sample for the explicit purpose of determining its evidentiary value to prove the offense of driving while intoxicated is also sufficient to justify the chemical testing of the blood even if the warrant itself did not expressly authorize the chemical testing on its face. *Id*.

Ybarra also argues that the warrant was not executed within three days as required by both Article 18.07 of the Texas Code of Criminal Procedure and the actual search warrant. The search warrant expressly stated that it must be executed within three days exclusive of the day of issuance and the day of return. The search warrant was issued on December 15, 2018, the blood sample was obtained on that same day, but testing of the blood sample did not occur until January 22, 2019. The State thus took control of the blood sample for purposes of obtaining blood evidence relevant to Ybarra's DWI charge

on the same day the warrant was issued and, therefore, it was executed within the timeframe allowable under Article 18.07. *See Davis v. State*, 608 S.W.3d 283, 290 (Tex. App. —Houston [1st Dist.] 2020, no pet.).

Ybarra further argues that the search warrant did not allow the blood sample to be transported to another county for analysis. The warrant was issued in Brazos County and the blood sample was drawn in Brazos County. The blood analysis was conducted in Travis County. Ybarra contends that the trial court should have suppressed the analysis because the sample was transported out of Brazos County. Article 18.10 of the Code of Criminal Procedure addresses removing property seized pursuant to a search warrant and states:

> The property may not be removed from the county in which it was seized without an order approving the removal, issued by a magistrate in the county in which the warrant was issued; provided, however, nothing herein shall prevent the officer, or his department, from forwarding any item or items seized to a laboratory for scientific analysis.

TEX. CODE CRIM. PROC. ANN. § 18.10. Therefore, the police were allowed to forward the blood sample to the laboratory in Travis County for analysis. We overrule the first issue.

In the second issue, Ybarra argues that the trial court erred in denying the motion to suppress because the search warrant was based on an affidavit that included falsehoods shown to be in reckless disregard for the truth. Ybarra filed a motion to suppress the evidence obtained from his blood sample pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

Under *Franks*, a defendant who makes a substantial preliminary showing that a false statement was made in a warrant affidavit knowingly and intentionally, or with reckless disregard for the truth, may be entitled by the Fourth Amendment to a hearing, upon the defendant's request. *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007). This hearing is required only where the false statement is essential to the probable cause finding. *Id*. If at the hearing the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, the affidavit's false material is set aside. *Id*. If the remaining content of the affidavit does not then still establish sufficient probable cause, the search warrant must be voided and the evidence resulting from that search excluded. *Id*.

Officer Amber Luecke, with the Bryan Police Department, signed the affidavit to obtain the search warrant. Officer Luecke testified at the hearing that she was dispatched to a disturbance call. When she arrived, Officer Luecke spoke with Ybarra's wife, and Ybarra went out of the back door of the residence. Officer Luecke looked around outside, but she could not find Ybarra. Officer Luecke observed a gray pickup truck leaving the residence. Ybarra's wife said that Ybarra was in the pickup truck. Officer Luecke went to her patrol car to pursue the pickup truck, but two other officers were able to stop the pickup truck before Officer Luecke. When Officer Luecke approached the pickup truck, the other officers had Ybarra on the ground. Officer Luecke testified that Ybarra smelled

of alcohol and that his wife said Ybarra had consumed twelve or more sixteen-ounce beers.

Officer Luecke stated that she used a pre-printed form to apply for the search warrant. That form contains several standard paragraphs one of which states that the officer requested performance of field sobriety tests and references an attached score sheet. Officer Luecke testified that she did not request any field sobriety tests, and she did not strike out this paragraph. The affidavit also states that Officer Luecke observed Ybarra operating a motor vehicle. Officer Luecke testified that while she did not see Ybarra get into the vehicle, she checked the box that she observed him based upon the circumstantial evidence. Officer Luecke observed the pickup truck drive away from the residence, and Ybarra's wife indicated that was Ybarra driving the pickup truck. In addition, when the officers stopped the pickup truck, Ybarra was the only person Officer Luecke saw near the pickup truck. Officer Luecke recognized Ybarra as the person who fled from the residence.

The affidavit included an area for Officer Luecke to provide detailed information related to obtaining the warrant. In that portion of the affidavit, Officer Luecke included specific facts leading her to believe Ybarra was operating a motor vehicle while intoxicated. Officer Luecke also noted in that portion that no field sobriety tests were conducted because of Ybarra's behavior resisting the officers.

In its findings of fact and conclusions of law, the trial court found that:

> … there is no evidence that the affiant, Amber Luecke, intended to include a deliberate falsehood in the affidavit or exhibited a reckless disregard for the truth. Instead, any misstatements in the affidavit were merely the result of simple negligence or inadvertence.

The trial court concluded that Ybarra:

> … was not even entitled to an evidentiary hearing when challenging the search warrant under Franks, where he did not prove deliberate falsehoods or reckless disregard for the truth and did not show that, when the portion of the affidavit alleged to be false is excised from the affidavit, the remaining content is insufficient to support the issuance of the warrant.

Officer Luecke explained that she did not strike through the paragraph on the pre-printed form that indicated field sobriety tests were given and recorded. She did state in the affidavit that no field sobriety tests were given and stated why none were given. Officer Luecke further explained that although she did not observe Ybarra get into the gray pickup truck, circumstantial evidence indicated that Ybarra was the person she saw driving the gray pickup truck. Officer Luecke detailed that circumstantial evidence in her affidavit.

The evidence supports the trial court's findings of fact that Officer Luecke did not intend to include a deliberate falsehood in the affidavit or exhibit a reckless disregard for the truth. We find that the trial court did not abuse its discretion in denying Ybarra's motion to suppress evidence pursuant to *Franks v. Delaware*. We overrule the second issue.

## CONCLUSION

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Neill, and
     Justice Johnson
Affirmed
Opinion delivered and filed May 5, 2021
Do not publish
[CRPM]

