

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00828-CR

Saul Matthew **CASTILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR10721
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 9, 2014

AFFIRMED

After the trial court denied his motion to suppress, appellant Saul Matthew Castillo pled

guilty to the offense of possession of a controlled substance pursuant to a plea agreement with the

State.  The trial court deferred a finding of guilt and placed Castillo on community supervision for

six years.  On appeal, Castillo contends the trial court erred in denying his motion to suppress.  We

affirm the trial court's judgment.

## BACKGROUND

Castillo was arrested for possession of a controlled substance — simple possession and with intent to deliver — following a search of his residence. He was indicted for possession of a controlled substance with intent to distribute in an amount between 4–200 grams and possession of a controlled substance in an amount between 4–200 grams. Before trial, Castillo filed a motion to suppress, asserting the cocaine found pursuant to the search warrant should be suppressed because the affidavit in support of the warrant contained false information or information made in reckless disregard of the truth.

At the hearing on the motion to suppress, Detective William Sandejo of the San Antonio Police Department testified a confidential informant told him about narcotics sales being conducted by a person then identified as "Matt." Detective Sandejo testified he obtained "Matt's" home address and vehicle information from the confidential informant and subsequently identified "Matt" as Saul Matthew Castillo. The confidential informant identified a photograph of Castillo as the person he knew as "Matt." After consulting with another SAPD detective, who had been conducting his own surveillance on Castillo, Detective Sandejo testified he was able to corroborate the information he received from his confidential informant.

On August 15, 2011, Detective Sandejo used the information he had gathered to prepare an affidavit in support of a search warrant. Detective Sandejo used a pre-printed, fill-in-the-blank form. In the affidavit, Detective Sandejo described Castillo's place of residence and averred his belief that Castillo possessed a controlled substance at his residence. Detective Sandejo provided the basis for his belief as follows:

- Affiant [Sandejo] did on the 15 of August, 2011 receive information from a credible and reliable person who has on previous occasions given Det. K. Nogle #2035 information regarding the trafficking and possession of controlled substances which has proven to be true and correct but whose identity cannot be revealed for security reasons.

- The said credible and reliable person stated that they did within the last 48 hours see a controlled substance, to wit cocaine, in the possession of the aforesaid defendant [Castillo].

Based on Detective Sandejo's affidavit, the trial court signed a search warrant. Detective Sandejo and a team of officers subsequently executed the warrant by forced entry. Following Castillo's arrest, Detective Sandejo drafted a supplementary police report detailing his investigation and search of Castillo's residence.

In the supplementary report, dated August 16, 2011, Detective Sandejo described entering Castillo's apartment with his team of officers and performing a search of Castillo's residence. Detective Sandejo reported he witnessed Castillo run down a hallway, enter a bathroom and attempt to flush a bag of cocaine down the toilet. Thereafter, Castillo complied with all of the officers' commands. The officers noted the toilet was still running and they were able to retrieve what was subsequently determined to be a bag of cocaine by breaking the toilet at its base. After reading the warrant and the *Miranda* warnings to Castillo and another man arrested at the scene, the officers conducted a complete search of Castillo's apartment. The search yielded an additional baggie of cocaine with five individually packaged bags of cocaine inside it, along with $7,000.00 in U.S. currency found in a backpack on Castillo's bed, and another $800.00 in U.S. currency found in Castillo's closet.

When describing the events preceding the search in the report, Detective Sandejo referred to the time at which the confidential informant first told him about Castillo's drug transactions. The supplementary report does not include the specific date on which the confidential informant provided this information to Detective Sandejo. Rather, Detective Sandejo states in the report that he and another detective initially received information about Castillo's drug dealing "in the early part of August." After describing how the confidential informant subsequently provided a photo identification of Castillo, Detective Sandejo states "the confidential informant also indicated

Castillo was in possession of a large amount of cocaine." Although the supplementary report does not provide a specific date upon which the information was provided, Detective Sandejo specifically testified at the hearing on the motion to suppress that he continued to receive new information throughout his investigation and the confidential informant provided him with information on August 15th.

At the conclusion of the hearing on the motion to suppress, the trial court denied Castillo's motion. Thereafter, Castillo pled guilty to possession of a controlled substance and received deferred adjudication for a period of six years in addition to a $1,500 fine. Castillo perfected this appeal.

## ANALYSIS

In his only point of error, Castillo contends the trial court erred when it denied his motion to suppress. We disagree.

### *Standard of Review*

In reviewing a trial court's ruling on a motion to suppress, we apply a bifurcated standard. *Hines v. State*, 383 S.W.3d 615, 621 (Tex. App.—San Antonio 2012, pet. ref'd) (citing *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007)); *Hodson v. State*, 350 S.W.3d 169, 173 (Tex. App.—San Antonio 2011, pet. ref'd). Although we "review the court's application of the law de novo," we must "defer to the trial court's determination of facts." *Hodson*, 350 S.W.3d at 173. Because the trial court is "uniquely situated to observe first-hand the demeanor and appearance of witnesses," the trial judge serves as "the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007). The court views all evidence in a trial court's motion to suppress ruling "in the light most favorable to the trial court's ruling." *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We

affirm the trial court's holding "if there is any valid theory of law applicable to the case, even if the trial court did not base its decision on that theory." *Hines*, 383 S.W.3d at 623 (citing *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002)). "We will overturn the ruling only if it is outside the zone of reasonable disagreement." *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011).

Castillo claims the trial court erred in denying his motion to suppress because Detective Sandejo's affidavit included a false statement or a statement made in reckless disregard of the truth. Castillo specifically challenges the statement by Detective Sandejo in which he avers the confidential informant relayed information about Castillo to the detective on August 15th and that the confidential informant had witnessed Castillo in possession of cocaine within the last forty-eight hours. Castillo contends this information is false or was made in reckless disregard of the truth because in the supplementary police report, the detective stated he received the information from the informant in early August.

When a defendant contends an affidavit in support of a search warrant contains false information or information conveyed in reckless disregard of the truth, we look to the Supreme Court's opinion in *Franks v. Delaware*. Under *Franks v. Delaware*,

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

438 U.S. 154, 155–56 (1978); *see Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007) (adopting *Franks* standard). The Texas Court of Criminal Appeals has made it clear that to be entitled to a *Franks* hearing a defendant must: "(1) allege deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portion of the affidavit claimed to be false; (2) accompany these allegations with an offer of proof stating the supporting reasons; and (3) show that when the portion of the affidavit alleged to be false is excised from the affidavit, the remaining content is insufficient to support the issuance of the warrant." *Harris*, 227 S.W.3d at 85 (citing *Cates v. State*, 120 S.W.3d 352, 356 (Tex. Crim. App. 2003) (quoting *Ramsey v. State*, 579 S.W.2d 920, 922-23 (Tex.Crim.App.1979)).

After a *Franks* hearing, the trial court must strike from the affidavit all information the defendant has proven, by a preponderance of the evidence, to be false or deliberately misleading. *See Franks*, 438 U.S. at 156; *Harris*, 227 S.W.3d at 85. If the false statement was necessary to the finding of probable cause, then the search warrant must be voided and the fruits of the search excluded from the trial. . . . *Harris*, 227 S.W.3d at 85. However, the Fourth Amendment's requirement of a "truthful" showing of probable cause only requires a truthful showing "in the sense that the information put forth [by the affiant] is believed or appropriately accepted by the affiant as true." *Franks*, 438 U.S. at 164–65; *see Janecka v. State*, 937 S.W.2d 456, 462 (Tex. Crim. App. 1996).

At the *Franks* hearing, Castillo established that Detective Sandejo stated in his supplementary police report that he obtained information from his confidential informant "in the early part of August." However, in his sworn affidavit, Detective Sandejo stated he received information from his confidential informant on August 15th and further averred the informant told him he had seen Castillo in possession of cocaine within the last forty-eight hours. Castillo contends the supplementary police report conflicts with the statements in the affidavit, and that the

report is correct — the detective received information from the informant in early August — and therefore the statements in the affidavit, that Detective Sandejo received information on the 15th and that the informant saw Castillo in possession of cocaine within forty-eight hours of the date of the affidavit were false or made in reckless disregard of the truth. Castillo urges this court to find a factual discrepancy between the affidavit and the supplementary report and to find, based on this alleged discrepancy, false or deliberately misleading information within the affidavit. We hold the trial court did not err in failing to find a false statement or a statement made in reckless disregard of the truth in the detective's affidavit.

In the affidavit drafted on August 15th, Detective Sandejo averred that a "credible and reliable person stated that they did within the last 48 hours see a controlled substance, to wit cocaine, in the possession of the aforesaid defendant [Castillo.]" He testified to this same information at the hearing. In contrast, Detective Sandejo stated in his supplementary police report: "In the early part of August, Det. K. Nogle #2035 received information from a credible and reliable informant who also informed me of the information to assist on the research and investigation. . . . The information received was that a person by the name of 'Matt' was selling commercial amounts of cocaine in exchange for U.S. currency."

When read in the light most favorable to the trial court's ruling, the information included by Detective Sandejo in his affidavit does not conflict with the information he provided in the supplementary police report. Rather, the affidavit and supplementary report can be read to refer to separate and distinct acquisitions of information: "In the early part of August," Detective Sandejo learned of Castillo's ongoing sales of cocaine, and then, on August 15th, Detective Sandejo learned that a credible and reliable person "did within the last 48 hours" witness Castillo in possession of cocaine. Neither the affidavit nor the supplementary report indicate that a "credible and reliable person" witnessed Castillo in possession of cocaine *only once.* Thus,

Detective Sandejo may have truthfully and accurately claimed both that a "credible and reliable person" informed the detective, "in the early part of August," of Castillo's cocaine dealings and also that the same "credible and reliable person" informed the detective on August 15th that Castillo had possessed cocaine within the last 48 hours.

Consistent with this reading, the trial court was within its discretion to find Detective Sandejo first received information about Castillo in the early part of August, and then received fresh information on August 15th. Castillo's suggestion of a discrepancy between the affidavit and the supplementary report assumes the affidavit and supplementary report assign different timetables to the same event — the trial court was not required to make such an assumption. Rather, it was Castillo's burden to establish by a preponderance of the evidence there was a false statement or one made in reckless disregard of the truth in the affidavit. *See Franks*, 438 U.S. at 156; *Harris*, 227 S.W.3d at 85. Accordingly, there was no need for the trial court to strike the complained of portions of the affidavit.

However, even if we were to assume the two documents refer to the same event, the disparate language does not necessarily prove a false statement or suggest the statement in the affidavit was made in reckless disregard of the truth. On the contrary, reasonable minds may differ with respect to whether the fifteenth day of a month constitutes "the early part" of that month, particularly when the month in question has thirty-one days.

### CONCLUSION

Based on the foregoing, we overrule Castillo's sole point of error and affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish