**AFFIRM; and Opinion Filed January 23, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00119-CR

**MYRON EARL CANADY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MB1655264-C**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Brown, and Whitehill
Opinion by Justice Brown

Following a jury trial, Myron Earl Canady appeals his conviction for Class B misdemeanor driving while intoxicated (DWI). In two issues, he contends there is insufficient evidence to prove he committed the offense and contends the trial court erred in failing to suppress the results of a blood test conducted under a search warrant. We affirm the trial court's judgment.

At trial, Dallas Police Officer Alexander Shirley testified that on April 23, 2016, he was on patrol at 5 a.m. On a public street, he came into contact with someone he later learned was appellant. The officer testified that appellant was driving an ATV, or four-wheeler, on a sidewalk. The ATV was designed for one person, but appellant had a passenger with him. In addition, appellant was not wearing a helmet or other safety gear. The officer performed a traffic stop. Appellant fumbled around a bit to get his I.D. out. Officer Shirley noticed a strong odor of alcohol

on appellant's breath. He also noticed that appellant's eyes were glassy and he was unsteady, even when sitting on the ATV. The officer performed three standard field sobriety tests, the H.G.N., the walk-and-turn test, and the one-leg stand. Appellant did not pass any of these tests. Officer Shirley arrested appellant and took him to jail, where he was placed in the intoxilyzer room. Appellant declined to consent to a blood or breath sample. The officer then obtained a search warrant for a sample of appellant's blood and took appellant to a hospital to have his blood drawn. The State presented evidence that the results of appellant's blood test indicated his blood alcohol level was .144 grams of ethanol per 100 milliliters of blood, which was above the legal limit.

In his first issue, appellant contends the evidence is insufficient to prove he committed DWI. A person commits the offense of DWI if he is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2017). Appellant's sufficiency challenge is limited to the issue of whether he operated the ATV. The penal code does not define "operating" for purposes of the DWI statute. *Kirsch v. State*, 357 S.W.3d 645, 650 (Tex. Crim. App. 2012). The court of criminal appeals has stated that a person operates a vehicle when the totality of the circumstances demonstrate that he took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use. *Id.*

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a factfinder was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Temple*, 390 S.W.3d at 360.

Appellant maintains the evidence regarding whether police saw him driving the ATV is ambiguous. We disagree. When asked the reason he came into contact with appellant, Officer

Shirley testified that appellant was driving an ATV on a sidewalk. On cross-examination, defense counsel asked the officer directly, "The ATV in this particular case, you say you saw him driving it?" Officer Shirley responded, "Yes." The jury was rationally justified in finding beyond a reasonable doubt that appellant committed DWI. We overrule appellant's first issue.

In his second issue, appellant contends the trial court erred in failing to suppress the results of his blood test because Officer Shirley's affidavit in support of the search warrant contained false statements. His argument is that his behavior as captured on video at the jail is inconsistent with Officer Shirley's description of his behavior in the affidavit.

Prior to voir dire, appellant made an oral motion to suppress the blood evidence and asked that it be carried with the trial. The judge asked for a copy of the probable cause affidavit and indicated that if appellant was seeking a *Franks* hearing it was "probably a little untimely" but he would entertain it. The next day, after both sides closed, the trial court took up the motion to suppress.[1] Appellant asked the judge to suppress the blood evidence because appellant's behavior on video taken in the intoxilyzer room did not match Officer Shirley's description of his behavior in his affidavit. The only behavior described in the affidavit that appellant specifically mentioned to the trial court was "talkative." The affidavit also indicated appellant's speech was "thick-tongued," "slurred," "slow," and "mumbled" and that he was cooperative. Earlier that day, outside the presence of the jury, the judge watched the video in question. The trial court denied the motion to suppress. The judge indicated that even if he eliminated slow, mumbled, and talkative from the affidavit, other information in the affidavit provided probable cause that appellant operated a motor vehicle in a public place while intoxicated.

---

[1] The charge instructed the jury that "intoxicated" meant either that the defendant did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body or the defendant had an alcohol concentration of at least .08. The judge stated that if he decided to suppress the blood evidence, he would take the instruction about .08 out of the charge.

A search warrant may be obtained from a magistrate only after submission of an affidavit setting forth substantial facts establishing probable cause. *State v. Jordan*, 342 S.W.3d 565, 568 (Tex. Crim. App. 2011). Probable cause exists if, under the totality of the circumstances set forth in the affidavit before the magistrate, there is a fair probability that evidence of a crime will be found in a particular place at the time the warrant is issued. *Id.* at 568–69. Under *Franks v. Delaware*, a defendant who makes a substantial preliminary showing that a false statement was made in a warrant affidavit knowingly and intentionally, or with reckless disregard for the truth, may be entitled to a hearing upon request. *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007); *see Franks v. Delaware*, 438 U.S. 154 (1978). An affidavit supporting a search warrant begins with a presumption of validity. *Cates v. State*, 120 S.W.3d 352, 355 (Tex. Crim. App. 2003). To be granted a *Franks* hearing a defendant must: (1) allege deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portion of the affidavit claimed to be false; (2) accompany these allegations with an offer of proof stating the supporting reasons; and (3) show that when the portion of the affidavit alleged to be false is excised from the affidavit, the remaining content is insufficient to support issuance of the warrant. *Harris*, 227 S.W.3d at 85. We review a trial court's ruling on a *Franks suppression* issue under a mixed standard of review that gives almost total deference to the trial court's ruling on questions of fact that depend upon evaluations of credibility and demeanor but reviews de novo the application of the law. *Jones v. State*, 338 S.W.3d 725, 739 (Tex. App.—Houston [1st Dist.] 2011), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012).

Any inconsistencies between appellant's behavior at the jail and as described in the affidavit do not establish that appellant's behavior at the time of the traffic stop was inconsistent with the description in the affidavit. Nevertheless, we will address appellant's complaint. Appellant contends the video shows he was uncooperative, while the affidavit indicated he was

cooperative. He also contends he was mute and that his speech was not slurred, slow, or mumbled. But even if we assume appellant made a sufficient offer of proof to support his allegation that Officer Shirley's affidavit contained deliberate falsehoods or a reckless disregard for the truth in these respects, he cannot show that, absent the allegedly false information, the remaining content in the affidavit is insufficient to support issuance of the search warrant. The affidavit states that Officer Shirley observed appellant operating a "4 wheel all terrain vehicle" on the sidewalk. The officer noticed a strong odor of alcohol on appellant. Appellant's eyes were bloodshot and glassy. His balance was unsteady and swaying. The affidavit contained the results of the field sobriety tests, which were noted to be reliable indicators of intoxication. Further, Officer Shirley noted that when asked to perform the sobriety tests, appellant said, "I'm intoxicated, well not intoxicated, intoxicated." Also, appellant refused to provide a breath or blood sample. These statements in the affidavit alone were sufficient to show probable cause that appellant committed DWI. *See, e.g., Luckenbach v. State*, 523 S.W.3d 849, 856 (Tex. App.—Houston [14th Dist.] 2017, no pet.). The trial court did not err in denying appellant's motion to suppress. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

170119F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MYRON EARL CANADY, Appellant

No. 05-17-00119-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 3, Dallas County, Texas
Trial Court Cause No. MB1655264-C.
Opinion delivered by Justice Brown, Justices Lang-Miers and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of January, 2018.