Opinion filed November 30, 2021



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00370-CR

_____

## RICARDO VILLA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 21068-B**

### M E M O R A N D U M   O P I N I O N

The State charged Appellant by indictment with felony driving while intoxicated with two prior felony convictions alleged for enhancement purposes. The state waived one of the prior enhancements, and Appellant pleaded guilty, reserving his right to appeal all pretrial motions. The trial court convicted Appellant and, pursuant to the plea agreement, assessed punishment at confinement in the

Institutional Division of the Texas Department of Criminal Justice for seventeen years. Appellant raises two issues on appeal, both of which concern his motions to suppress. We affirm.

*Background Facts*

On June 16, 2017, the Abilene Police Department received a 9-1-1 call about a possible drunk driver who was driving erratically. The caller observed the driver, a Hispanic male wearing a black shirt and khaki shorts, stop at a convenience store, almost hit another vehicle in the parking lot, leave the parking lot, drive in two lanes, and run a red light at North 10th Street. The caller was later identified, and an officer took a written statement from him.

Officer Andrew Mason was in the area and responded to the call from dispatch. Officer Mason did not observe a traffic violation, but he initiated a traffic stop based on the caller's report to dispatch. When Officer Mason approached the driver's side window, he smelled the "odor of an alcoholic beverage" coming from inside the vehicle. He also observed a clear bottle that appeared to be a bottle of liquor on the passenger side floorboard. Officer Mason further testified that the driver was slurring his speech and appeared to be disoriented.

Officer Mason asked Appellant to step out of the vehicle, and Appellant agreed to take a Standardized Field Sobriety Test (SFST). An SFST is a combination of three separate tests. Officer Mason observed clues of intoxication on both the horizontal gaze nystagmus test and the walk-and-turn test. However, Appellant refused to perform the one-leg-stand test. Based on Appellant's performance on the first two portions of the SFST, Officer Mason believed he had probable cause that Appellant was intoxicated, at which point he arrested Appellant.

Officer Mason read Appellant the DIC-24 statutory warning, and Appellant refused to provide a breath specimen. After Appellant refused, Officer Mason ran

Appellant's criminal history and learned that Appellant had five previous convictions for driving while intoxicated. Officer Mason testified that it is the department's policy to seek a search warrant for a blood draw when there are prior convictions and the arrestee refuses to provide a voluntary sample. Appellant later consented to a breath test, but Officer Mason testified that once the arrestee refuses and the warrant process has started, the policy is to continue with the warrant to avoid stalling and prevent the arrestee from withdrawing consent a subsequent time. A search warrant for Appellant's blood was later issued, and a blood sample was collected.

Appellant filed multiple motions to suppress the evidence gleaned from the stop. The trial court heard the motions at the same pretrial hearing on May 2, 2019. During the hearing on the motions, Officer Mason's dashcam video was admitted into evidence. At the conclusion of the hearing, the trial court made oral findings on the record and denied all of Appellant's motions.

*Analysis*

In his first issue, Appellant contends that we should abate this appeal until the trial court issues findings of fact and conclusions of law for the suppression hearing that occurred on May 2, 2019. "[U]pon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings." *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011) (quoting *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006)). "[E]ssential findings" mean "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Id.* (quoting *Cullen*, 195 S.W.3d at 699).

The findings may be written or stated on the record at the conclusion of the hearing. *Cullen*, 195 S.W.3d at 699. "[A]n appellate court must abate for additional

3

findings of fact when a party has requested findings of fact and the findings that are made by a trial court are so incomplete that an appellate court is unable to make a legal determination." *State v. Saenz*, 411 S.W.3d 488, 495–96 (Tex. Crim. App. 2013). Because the trial court made oral findings at the conclusion of the hearing that are adequate for our review, a remand for additional findings is unnecessary.

In Appellant's second issue, he asserts that the trial court erred in denying his motions to suppress. He presents two contentions on appeal in his second issue: (1) the trial court erred in concluding that the police had a sufficient basis for initiating the traffic stop; and (2) the issuance of a search warrant for a blood draw was unwarranted.

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). In reviewing a ruling on a motion to suppress, we apply a bifurcated standard of review. *Id.* at 922–23; *Hubert v. State*, 312 S.W.3d 544, 559 (Tex. Crim. App. 2010). We afford almost total deference to the trial court's determination of historical facts and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Martinez*, 348 S.W.3d at 922–23; *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011). We review de novo the trial court's determination of pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *Martinez*, 348 S.W.3d at 923.

When the trial court makes findings of fact, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the record is silent as to the reasons for the trial court's ruling, we infer the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings.

4

*State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). When the trial court makes an oral pronouncement on the record at the hearing, we consider those the findings and accord them due deference. *See State v. Varley*, 501 S.W.3d 273 (Tex. App.—Fort Worth 2016, pet. ref'd). Here, at the suppression hearing, the trial court made oral findings of fact and conclusions of law on the record about the provided tip and the probable cause for Appellant's arrest. In our review, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *See Kelly*, 204 S.W.3d at 818.

An officer may make a warrantless traffic stop if the reasonable-suspicion standard is satisfied. *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015). Reasonable suspicion exists if the officer has "specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Id.* (quoting *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013)). The likelihood of criminal activity required for reasonable suspicion need not rise to the level required for probable cause. *State v. Kerwick*, 393 S.W.3d 270, 273–74 (Tex. Crim. App. 2013). The reasonable-suspicion standard requires only "some minimal level of objective justification" for the stop. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012) (quoting *Foster v. State*, 326 S.W.3d 609, 614 (Tex. Crim. App. 2010)). This is an objective inquiry that disregards the subjective intent of the officer and looks, instead, to whether an objectively justifiable basis for the detention existed. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011).

The trial court made the following finding when it overruled Appellant's motions to suppress:

> I do find that the information that was provided by the citizen was detailed. It was sufficient to make a detention stop. That's what took place in this occasion. And it's obvious to me from the video that there was probable cause to make an arrest for driving while intoxicated.

Thus, the trial court found that the tip from the identified citizen-informant that was given to the 9-1-1 dispatcher and then relayed to Officer Mason was sufficient to support reasonable suspicion for initiating a traffic stop of Appellant's vehicle. As such, this finding is adequate for our review of the reasonable suspicion determination.

In *Derichsweiler*, a 9-1-1 dispatcher received a call from a citizen-informant that identified himself. *Id.* The informant reported a suspicious vehicle to the 9-1-1 dispatcher along with the make, model, color, and license plate number of the vehicle. *Id.* at 910. The dispatcher did not relate to the officer that stopped the defendant the details of what the informant reported as being suspicious. *Id.* The Texas Court of Criminal Appeals held that a tip from a citizen-informant that "identifies himself and may be held to account for the accuracy and veracity of his report" is to be regarded as reliable. *Id.* at 914–15. Additionally, the court held that information given to a 9-1-1 dispatcher is to be considered to be within the cumulative information known among cooperating officers for the purpose of determining reasonable suspicion. *Id.* at 914. Thus, "the detaining officer need not be personally aware of every fact that objectively supports a reasonable suspicion to detain." *Id.* The relevant inquiry is whether the totality of the reliable information provided by the known citizen-informant "provided specific, articulable facts that, combined with reasonable inferences to be derived from those facts, would lead to

the reasonable conclusion that the appellant was committing, or soon would be engaged in, some type of criminal activity." *Id.* 915–16.

Appellant contends that *Derichsweiler* is inapplicable because Officer Mason did not corroborate enough of the details provided to the 9-1-1 dispatcher by the citizen-informant. He asserts that Officer Mason should have corroborated that Appellant was driving erratically or that he committed traffic violations. However, "the factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information acquired from another person." *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005) (citing *Adams v. Williams*, 407 U.S. 143, 147 (1972)). Accordingly, Officer Mason did not have to personally observe criminal behavior before stopping Appellant. *See id.* Additionally, Officer Mason was able to corroborate the description of the vehicle provided by the citizen-informant, the license plate number, and the location of the vehicle.

Appellant also asserts that Officer Mason could not have relied on the citizen-informant's tip because he did not talk to the caller prior to the stop and the caller was not present during the traffic stop. However, the court in *Derichsweiler* held that the responding officer may rely on the information conveyed to a 9-1-1 dispatcher. 348 S.W.3d at 914.

A citizen-informant reporting as a witness to a crime "is presumed to speak with the voice of honesty and accuracy." *State v. Duarte*, 389 S.W.3d 349, 356 (Tex. Crim. App. 2012). The citizen-informant's reliability is enhanced when he identifies himself to the authorities. *Derichsweiler*, 348 S.W.3d at 914–15. Officer Mason testified that the citizen-informant in this case reported to the 9-1-1 dispatcher that he observed a driver that parked in the middle of a convenience store parking lot, appeared to be intoxicated as he walked in and out of the store, and almost struck

7

another vehicle as he backed out. The citizen-informant also observed that the driver was "all over the roadway" and that he ran a red light. "Reasonable suspicion depends on the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Under that commonsense approach, we can appropriately recognize certain driving behaviors as sound indica of drunk driving." *Leming v. State*, 493 S.W.3d 552, 564 (Tex. Crim. App. 2016) (quoting *Navarette v. California*, 572 U.S. 393, 401–02 (2014)). "[V]iewed from the standpoint of an objectively reasonable police officer," the facts observed and reported by the citizen-informant in this case amount to reasonable suspicion to justify a traffic stop on suspicion of drunk driving. *See Navarette*, 572 U.S. at 401–02 (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)).

Appellant next challenges the blood draw warrant. We first note that the trial court did not make specific findings about the blood draw warrant. As set forth below, the absence of findings with respect to the probable cause supporting the blood draw warrant is inconsequential because our review is limited to the four corners of the search warrant affidavit to determine if the magistrate had probable cause to issue the warrant.

Both the Texas and the United States constitutions require that a warrant for blood extraction must be based on probable cause. *Hyland v. State*, 574 S.W.3d 904, 910 (Tex. Crim. App. 2019); *see* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. In *State v. Elrod*, the Texas Court of Criminal Appeals addressed the analysis to be employed by appellate courts when assessing the propriety of a search conducted pursuant to a search warrant. 538 S.W.3d 551, 556–57 (Tex. Crim. App. 2017). As stated by the court:

> The core of the Fourth Amendment's warrant clause and its Texas equivalent is that a magistrate may not issue a search warrant without first finding probable cause that a particular item will be found

8

in a particular location. In determining whether a warrant sufficiently establishes probable cause, this Court is bound by the four corners of the affidavit. In interpreting affidavits for search warrants courts must do so in a common sense and realistic manner. Probable cause exists when the facts and circumstances shown in the affidavit would warrant a man of reasonable caution in the belief that the items to be seized were in the stated place. A magistrate, in assessing probable cause, may draw inferences from the facts. Therefore, although the magistrate's determination of probable cause must be based on the facts contained within the four corners of the affidavit, the magistrate may use logic and common sense to make inferences based on those facts.

A magistrate's decision to issue a search warrant is subject to a deferential standard of review, even in close cases. . . . We will therefore uphold a magistrate's decision to issue a search warrant so long as he or she has a substantial basis for concluding that probable cause exists.

*Id.* (citations, footnotes, alterations, and quotation marks omitted).

Thus, when we review a magistrate's probable cause determination, we apply the deferential standard of review set out by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213 (1983). *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). Under that standard, we uphold the magistrate's probable cause determination "so long as the magistrate had a 'substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing." *Gates*, 462 U.S. at 236 (alterations in original) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)); *see also State v. McLain*, 337 S.W.3d 268, 271–72 (Tex. Crim. App. 2011); *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010).

Appellant initially refused Officer Mason's request to provide a breath sample. He later informed Officer Mason that he would give a breath sample. Officer Mason testified that the policy of the Abilene Police Department is to seek a search warrant for a blood draw if a person refuses to give a breath sample. Appellant contends that the police engaged in improper conduct by seeking a search

warrant for a blood draw because he later informed Officer Mason that he would give a breath sample. However, Appellant has not cited any authority to support his contention that he had the unilateral right to insist on giving a breath sample, and we have found none. "A blood draw is presumptively reasonable unless a defendant establishes she is 'one of the few who on grounds of fear, concern for health, or religious scruple might prefer some other means of testing.'" *Dromgoole v. State*, 470 S.W.3d 204, 217–18 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (quoting *Schmerber v. California*, 384 U.S. 757, 771 (1966)). "Extraction of blood samples for testing is a highly effective means of determining the degree to which a person is under the influence of alcohol. . . . [F]or most people the procedure involves virtually no risk, trauma, or pain." *Schmerber*, 384 U.S. at 771. In the absence of proof that a blood draw presented a risk to Appellant, the blood draw was reasonable. *See Dromgoole*, 470 S.W.3d at 217–18.

Appellant also contends that the warrant should have been suppressed under *Franks v. Delaware*[1] because the affidavit included false statements. In *Franks*, the Supreme Court held that if there is an affirmative misrepresentation in the warrant affidavit and the misrepresentation is material and necessary to establishing probable cause, then the warrant can be invalidated under the Fourth Amendment. 438 U.S. at 155–65. In order to seek relief under *Franks*, a defendant must make a "substantial preliminary showing" in the form of specific allegations and evidence. *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007). To invoke *Franks*, a defendant must: (1) allege deliberate falsehood or reckless disregard for the truth by the affiant, specifically pointing out the portion of the affidavit claimed to be false; (2) accompany these allegations with an offer of proof stating the supporting reasons; and (3) show that when the portion of the affidavit alleged to be false is

---

[1]438 U.S. 154 (1978).

excised from the affidavit, the remaining content is insufficient to support the issuance of the warrant. *Cates v. State*, 120 S.W.3d 352, 356 (Tex. Crim. App. 2003); *Ramsey v. State*, 579 S.W.2d 920, 922–23 (Tex. Crim. App. 1979) (citing *Franks*, 438 U.S. at 171–72).

Appellant did not plead the requisite allegations or offer the required proof in order to obtain relief under *Franks*. Furthermore, he does seek to strike specific portions of the search warrant affidavit that he claims are false. Instead, he seeks to invalidate the entire affidavit. In the absence of the required showing, Appellant has waived his claim under *Franks*. *See Harris*, 227 S.W.3d at 85–86.

The only matter that Appellant challenged in his written motion to suppress the blood testing was that Officer Mason's affidavit did not establish probable cause for the blood draw. Officer Mason's affidavit detailed the matters reported by the citizen-informant to the 9-1-1 dispatcher that we have previously discussed. The affidavit also contained the identifying information provided by the citizen-informant, including the driver's suspected ethnicity and age; the make, model, and color of the vehicle; and the vehicle's license plate number. Officer Mason's affidavit also contained information that he obtained after making contact with Appellant. Officer Mason averred that he smelled the odor of alcohol coming from inside Appellant's vehicle, that Appellant's words were slurred, that he appeared disoriented, and that a bottle of vodka was in the passenger-side floorboard. He further averred that Appellant performed "very poorly" on the SFST, refused to take the third portion of the test, and then refused to give a breath specimen. At the bottom of the affidavit, a handwritten note provides the name of the citizen-informant and indicates that he provided a statement with his observations. Based on the totality of the circumstances as presented in the affidavit, we hold that the

magistrate was provided with a sufficient basis for concluding that probable cause existed.

We overrule Appellant's first and second issues.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


November 30, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.